472

SHIREY, Gerald A., Jr. and McCullough, Stephen and Hamilton, William R. and Hamilton, Donna L. on behalf of themselves and all others similarly situated Stephen McCullough, Appellant,

v.

BENSALEM TOWNSHIP and Bristol Borough and Bristol Township and Buckingham Township and Falls Township and Middletown Township and Tullytown Borough and Warminster Township and City of Philadelphia and Police Chief Michaels, Lawrence and Police Chief Faragalli, Vincent and Acting Police Chief Templeton, Richard, and Police Chief Kettler, James and Police Chief Shook, Howard C. and Police Chief Favoroso, Gaspar and Doe, John and other individuals whose identities are not known with sufficient exactitude by Plaintiffs but whose identities are known by the other Defendants named herein Defendant-Appellees.

No. 81–1045.

United States Court of Appeals, Third Circuit.

Argued July 20, 1981.

Decided Nov. 12, 1981.

Gary Green (argued), Neil A. Morris, Sidkoff, Pincus, Greenberg & Green, P.C., Philadelphia, Pa., for appellant; John M. McClure, Doylestown, Pa., of counsel.

Charles W. Craven (argued), Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for Bensalem Township & Lawrence Michaels.

Richard A. Kraemer, Philadelphia, Pa., for Warminster Township.

Thomas A. Shovlin, White & Williams, Philadelphia, Pa., for Borough of Bristol.

Ralph J. Teti, Philadelphia, Pa., for City of Philadelphia.

Daniel J. Allan, Quinn, Allan & Raab, Philadelphia, Pa., for Bristol Township.

William B. Moyer, Anita F. Alberts, Power, Bowen & Valimont, Doylestown, Pa., for Bristol Township Acting Police Chief Richard Templeton.

Richard R. Fink, Doylestown, Pa., for Tullytown Borough & Police Chief Gaspar Favoroso.

Mindy M. Brook, Moskowitz, Zamparelli & Weiss, Longhorne, Pa., for Falls Township & Police Chief James Kettler.

Peter J. Hoffman, Duane, Morris & Hecksher, Philadelphia, Pa., for Buckingham Township.

Richard M. Shusterman, White & Williams, Philadelphia, Pa., for Borough of Bristol.

Richard B. Hardt, Detweiler, Hughes & Kokonos, Philadelphia, Pa., for Falls Township & Police Chief James Kettler.

Clyde W. Waite, Sokolove, Pechter, Stief & Waite, Bristol, Pa., for Township of Bristol.

Before ADAMS, HUNTER and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

The principal issue before us is the appealability of an order dismissing the complaint as to one of four plaintiffs when the complaint seeks, *inter alia*, injunctive relief. We hold that the order in this case is not appealable at this time, and dismiss the appeal.

### II.

The appellant, Stephen McCullough, was one of four plaintiffs who brought a class action against nine Pennsylvania municipalities, six chiefs of police and certain unnamed defendant police officers, denominated as John Doe defendants. The complaint alleged that defendants engaged in a conspiracy to unlawfully stop, arrest, and abuse citizens present at or traveling through a two-mile radius of the intersection of five streets in Bucks County, Pennsylvania, referred to as "Five Points," during the two-day period beginning on June 23, 1979 and continuing through June 24, 1979. The action was brought pursuant to two civil rights statutes, 42 U.S.C. §§ 1983 and 1985(3), and directly under various constitutional provisions, *i. e.*, the First, Fourth, Fifth, Eighth and Fourteenth Amendments. State law claims were also alleged.

In ruling on a motion to dismiss filed by the defendants, the district court (1) dismissed plaintiffs' claims brought pursuant to 42 U.S.C. § 1985(3) with prejudice; (2) dismissed plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 without prejudice to plaintiffs' amendment of the complaint within 20 days in accordance with the accompanying opinion; (3) dismissed plaintiffs' claims brought pursuant to the First, Fourth, Fifth, Eighth and Fourteenth Amendments with prejudice; (4) dismissed plaintiffs' prayer for injunctive and declaratory relief with prejudice; and (5) dismissed plaintiffs' pendent state claims without prejudice.

In its opinion, reported as *Shirey v. Bensalem Township*, 501 F.Supp. 1138 (E.D.Pa. 1980), the court explained its decision as follows: (1) plaintiffs failed to and could not plead the requisite class-based discriminatory animus which the district court interpreted as required in a § 1985(3) action by the decisions in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), and *Carchman v. Korman Corp.*, 594 F.2d 354 (3d Cir.), *cert. denied*, 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979); (2) the § 1983 claims were deficient as pleaded because the complaint failed to identify specific acts of specific defendants and failed to allege an adequate basis for assertion of liability against the municipalities and the police chiefs, but plaintiffs were given leave to file an amended § 1983 complaint; (3) the claims premised directly on the Consti-

tution were redundant because § 1983 provides an effective statutory remedy for the claims pleaded; and (4) in considering plaintiffs' challenge to Pennsylvania's disorderly conduct statute facially and as applied, the court, relying on the anti-injunction statute, 28 U.S.C. § 2283, and the principles enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), stated that it would deny the injunctive and declaratory relief requested by those plaintiffs "currently being prosecuted for disorderly conduct because they have failed to demonstrate any of the exceptional circumstances which would warrant this Court's intervention in a state criminal prosecution," 501 F.Supp. at 1145; further, the court stated that those plaintiffs against whom no state prosecution was currently pending failed to show the existence of a "credible threat of prosecution" and therefore failed to demonstrate the existence of an " 'actual controversy' within the meaning of Article III of the United States Constitution." *Id.* at 1146.

Three of the four plaintiffs amended their § 1983 claims, and the action proceeds as to them in the district court. The fourth plaintiff, McCullough, chose not to amend, and instead filed this appeal. Appellees have filed motions to dismiss the appeal for lack of an appealable order.

Appellant suggests alternate bases for appellate jurisdiction. He argues, on one hand, that the appeal can be considered as taken from a final order pursuant to 28 U.S.C. § 1291 in that his complaint was dismissed, he did not file an amended complaint and, therefore, he no longer has a claim pending. Appellant's alternate theory is that we have jurisdiction over his appeal under 28 U.S.C. § 1292(a)(1) in that the court dismissed with prejudice the prayer of all plaintiffs for injunctive and declaratory relief, making the appeal one from the denial of an injunction which gives us

jurisdiction to review the merits of the entire case.

## III.

■ In contesting our jurisdiction under § 1291, some of the appellees argue that because the dismissal of the § 1983 claim was without prejudice, it cannot be deemed final since appellant had the same opportunity to amend as did his co-plaintiffs. Appellant replies that since he chose not to amend, and instead to stand on the complaint as originally pleaded, the complaint was in fact dismissed as to him.[1] Even if we construe the court's order as a final adjudication of appellant's claims in light of his failure to amend, there is a compelling basis to deny appellant's claim of appealability under § 1291.

At common law, it was generally accepted that an appeal would not lie from a decision, albeit final, which adjudicated less than the whole case. The concept of the entire case as a single judicial unit was developed primarily in situations where the trial court had adjudicated one or more, but not every, claim asserted in the controversy. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 431–32, 76 S.Ct. 895, 897–98, 100 L.Ed. 1297 (1956). The promulgation of the Federal Rules of Civil Procedure did not alter the common law view of the judicial unit. However, the increased opportunity for assertion of multiple claims in one lawsuit led the framers of the Rules to provide a vehicle through Rule 54(b), as amended in 1946, whereby upon appropriate certification by the district court an appeal might be taken from a final decision on one or more claims without waiting for final decisions to be rendered on all the claims in the case. *Id.* at 432–35, 76 S.Ct. at 897–99. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

1. In *Borelli v. City of Reading*, 532 F.2d 950, 952 (3d Cir. 1976), we stated that although an order of dismissal without prejudice is ordinarily not appealable, "if the plaintiff cannot amend or declares his intention to stand on his complaint ... the order become[s] final and

appealable." Subsequently, in *Hall v. Pennsylvania State Police*, 570 F.2d 86, 88 (3d Cir. 1978), we applied the rule enunciated in *Borelli* after reviewing the complaint and determining that appellant could not amend the complaint in any respect beyond that already drafted.

The Rules as originally promulgated failed to deal expressly with an order dismissing an action as to less than all the parties suing or being sued. Appealability of such an order at common law was not clear. See *Sears, Roebuck & Co. v. Mackey,* 351 U.S. at 432 n.3, 76 S.Ct. at 897 n.3. See generally 6 Moore's Federal Practice ¶ 54.19 (2d ed. 1981). Conflicting decisions by the courts of appeals on the applicability of Rule 54(b) to this situation[2] led to the amendment of Rule 54(b) in 1961 to cover expressly cases of multiple parties as well as cases of multiple claims. Notes of Advisory Committee on Fed.R.Civ.P. 54(b) (1961 Amendment). Rule 54(b) now provides that when multiple parties are involved, the district court may expressly direct the entry of a final judgment as to one or more but fewer than all the parties upon making the necessary determination that there is no just reason for delay. In the absence of such a determination and direction, any order which adjudicates the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the parties. This court, among others, has interpreted Rule 54(b), as amended, to preclude appealability of a determination as to less than all parties in the action, whether plaintiffs or defendants. *School District of Kansas City v. Missouri,* 592 F.2d 493 (8th Cir. 1979); *Melancon v. Insurance Company of North America,* 476 F.2d 594 (5th Cir. 1973); *Schaefer v. First National Bank,* 465 F.2d 234 (7th Cir. 1972); *Levin v. Wear-Ever Aluminum, Inc.,* 427 F.2d 847 (3d Cir. 1970); *Sullivan v. Delaware River Port Authority,* 407 F.2d 58 (3d Cir. 1969). Indeed, in the cases cited the argument for appealability was stronger than in this case because the district court's determination as to the party involved in the appeal was based on reasons distinguishing that party from his or her co-parties. Here, in contrast, the district court ruling was equally applicable to all plaintiffs. In any event, it is undisputed that the district court made no Rule 54(b) determination and direction in this case. Therefore, we reject appellant's claim

that we have jurisdiction over his appeal under 28 U.S.C. § 1291.

## IV.

■ Appellant vigorously presses his alternate argument that we have jurisdiction over his appeal under 28 U.S.C. § 1292(a)(1) because the order appealed from denied injunctive relief. He points to the language of paragraph (4) of the Court's order, which provides, "Defendants' motion to dismiss plaintiffs' prayer for injunctive and declaratory relief is GRANTED. Such dismissal is with prejudice", and argues that this represents a refusal of his claim for injunctive relief.

Section 1292(a)(1) provides, in part:

(a) The courts of appeals shall have jurisdiction of appeals from:

(1) *Interlocutory* orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions ....

28 U.S.C. § 1292(a)(1) (emphasis added). Although appellant construes this provision as automatically bestowing appellate jurisdiction when any order nominally grants or denies injunctive relief, the statute conditions our jurisdiction on (1) the entry of an "interlocutory" order, and (2) a district court decision on injunctive relief.

The Supreme Court's review of the purpose of and history behind § 1292(a)(1) is instructive of its scope. The statute was designed to modify the rule of finality because of a "need to permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence." *Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955). Last Term, the Court again stressed the intent of that statutory provision to provide a vehicle for those orders which "can be 'effectually challenged' only by immediate appeal." *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993,

---

**2.** *Compare Steiner v. 20th Century-Fox Film Corp.,* 220 F.2d 105 (9th Cir. 1955), *with United*

*Artists Corp. v. Masterpiece Productions, Inc.,* 221 F.2d 213 (2d Cir. 1955).

996, 67 L.Ed.2d 59 (1981). Because § 1292(a)(1) was enacted to alleviate the undue hardship caused by rigid application of the general principle permitting appellate review of only final decisions of the federal district courts and to prevent irreparable harm before the ultimate disposition of the case could be completed, its primary use has been for appellate review of decisions on preliminary injunctions. *See, e. g., Merrell-National Laboratories, Inc. v. Zenith Laboratories, Inc.,* 579 F.2d 786 (3d Cir. 1978); *United States v. Pennsylvania,* 533 F.2d 107 (3d Cir. 1976).

The limitation of the section to "interlocutory" orders was focused upon in *Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc.,* 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966), where appellants sought to appeal from the district court's denial of a motion for summary judgment which would have included the grant of a permanent injunction against trademark infringement and unfair competition. In affirming the decision of the court of appeals that the order denying the motion for summary judgment was not an "interlocutory" one within the meaning of § 1292(a)(1), the Court stated:

> It is earnestly argued, however, that, although this order denied a permanent injunction, it was nonetheless "interlocutory" within the meaning of § 1292(a)(1) because the motion for summary judgment did service for a motion for a preliminary injunction ... and that therefore "interlocutory" must also include a denial of a permanent injunction.
>
> We take the other view not because "interlocutory" or preliminary may not at times embrace denials of permanent injunctions, but for the reason that the denial of a motion for a summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial. *Orders that in no way touch on the merits of the claim* but only relate to pretrial procedures *are not in our view "interlocutory" within the meaning of § 1292(a)(1).* We see no other way to protect the integrity of the congressional policy against piecemeal appeals.

*Id.* at 24–25, 87 S.Ct. at 194–195 (emphasis added and footnote omitted).

The party's own evaluation that there is no need for injunctive relief *pendente lite* is a good indication that the status quo can continue until the ultimate conclusion of the litigation without interlocutory appellate review. Thus, one of the factors which the Court has considered significant in determining whether the order falls within the class of "interlocutory" orders to which § 1292(a)(1) applies is whether the party has sought preliminary injunctive relief. *See Carson v. American Brands, Inc.,* 450 U.S. at 89, 101 S.Ct. at 996; *Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 479 n.3, 98 S.Ct. 2451, 2453, 57 L.Ed.2d 364 (1978). As the Court acknowledged in the passage from the *Switzerland Cheese* case cited above, some rulings on permanent injunctions may also be deemed "interlocutory" because immediate appeal is not available. A determination that such an order falls within § 1292(a)(1) necessarily entails an assessment that the party has alleged such serious harm is likely to accrue during the pendency of the litigation as to justify immediate appellate consideration.[3] In this

---

3. An example of a permanent injunction to which § 1292(a)(1) has been held applicable is provided by this court's recent decision in *Tokarcik v. Forest Hills School District,* 665 F.2d 443 (3d Cir.1981). In that case, filed under the Education for All Handicapped Children Act, 20 U.S.C. § 1401 *et seq.,* the district court granted summary judgment to plaintiffs requiring the school district to perform daily catheterization of the student plaintiff. Because the court had not yet ruled on plaintiffs' claims for damages and attorney's fees, the judgment was not appealable as a final order under § 1291. Nonetheless, we held that because the district court had directed straightforward injunctive relief which went to the merits of the dispute and defendants claimed irreparable harm because the additional responsibility would diminish their ability to fulfill their statutory obligations to handicapped children, the order was a "routine interlocutory injunctive order" appealable under § 1292(a)(1). *Id.,* at 446–47.

case, plaintiffs sought no preliminary injunction or other interlocutory relief, nor did they allege that the actions of which they complained were likely to continue during the course of the litigation if immediate action was not taken by the district court. On the contrary, the thrust of the allegations of the complaint are directed to the defendants' alleged actions during a two-day period which concededly terminated June 24, 1979. Thus there is no basis to view this case within that class of situations for which § 1292(a)(1) was designed.

The other requirement for invocation of § 1292(a)(1), that the order appealed from must relate to injunctive relief, may be more obvious in articulation than application. The routine interlocutory injunctive orders present no problem in this regard, but the Court has recognized that orders which have the substantial effect of interlocutory orders also must be considered within the scope of the section. In the *Carson* case, the Court held that the district court's denial of the parties' motion to enter a consent decree agreed upon as part of a negotiated settlement denied petitioners the opportunity to compromise their claim and to obtain the injunctive benefits of the settlement agreement they negotiated. 450 U.S. at 89, 101 S.Ct. at 996. Similarly, in *General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 433, 53 S.Ct. 202, 203, 77 L.Ed. 408 (1932), an order dismissing a counterclaim was held appealable where "the court necessarily decided that upon the facts alleged in the counterclaim defendants were not entitled to an injunction" and thereby resolved "the very question that, among others, would have been presented to the court upon formal application for an interlocutory injunction." Because the order in each case had "serious, perhaps irreparable, consequences" that petitioners could "effectually challenge" only by immediate appeal, the Court considered it as one "refusing" an "injunction" and appealable under § 1292(a)(1). *Carson v. American*

*Brands, Inc.*, 450 U.S. at 90, 101 S.Ct. at 997.

In contrast, the mere fact that injunctive relief has been requested and is therefore encompassed within the ruling made by the court on other grounds does not transform the ruling into one denying an injunction. Illustrative is the Court's treatment of this issue in *Gardner v. Westinghouse Broadcasting Co., supra*, where the Court held that an order denying class certification did not fall within § 1292(a)(1) even though the practical effect of the denial was to refuse a substantial portion of the injunctive relief requested in the complaint. As the Court noted, the order denying class certification "did not pass on the legal sufficiency of any claims for injunctive relief." 437 U.S. at 481, 98 S.Ct. at 2453.

Applying the precedent and principles to the case at hand, it is apparent that the order dismissing the various counts of plaintiff's complaint for reasons completely unrelated to plaintiff's entitlement to injunctive relief was not an order immediately appealable under § 1292(a)(1). As to paragraph (4) of that order, from the vantage point of appellate review we find it difficult to understand why, after the district court had considered and dismissed each of the plaintiffs' underlying claims for relief, the court proceeded to discuss the claim for injunctive relief when no legal basis remained for any such relief. Nonetheless, it is evident that the district court did not engage in the traditional balancing of the hardships and equities characteristic of a ruling on injunctive relief,[4] see *Kennecott Corp. v. Smith*, 637 F.2d 181, 187 (3d Cir. 1980); *Constructors Association of Western Pennsylvania v. Kreps*, 573 F.2d 811, 814–15 (3d Cir. 1978), and that plaintiffs did not request that the court do so. Therefore, we would be exalting form over substance were we to treat this order as one denying injunctive relief.

Furthermore, we do not understand the district court to have ruled that if plaintiffs

---

4. The discussion of irreparable injury in the district court's opinion appearing at 501 F.Supp. at 1145 is directed to the applicability of *Younger* abstention and the anti-injunction act, not to plaintiffs' need for either interlocutory or permanent injunctive relief.

proved at trial on their amended § 1983 complaint that they would be entitled to injunctive or declaratory relief, the district court would not entertain granting that form of relief. See Fed.R.Civ.P. 54(c).

Finally, if we were to permit appellant to appeal the dismissal of his action while the action of his co-plaintiffs continues in the district court, we would permit § 1292(a)(1) to be used to subvert the strong policy against piecemeal appeals. There are procedures for interlocutory appellate consideration of limited issues carefully prescribed · by Rule 54(b) and 28 U.S.C. § 1292(b). Congress did not contemplate that § 1292(a)(1) would be utilized as a generally available route to interlocutory appeals merely because the complaint happens to request injunctive relief. Instead, that provision was clearly designed to cover the situation where the requested injunction was the predominant relief sought. We conclude that the order in this case was not an interlocutory order which denied an injunction within the scope of § 1292(a)(1). Accordingly, we will dismiss appellant's appeal for want of an appealable order.