Angelo M. **PRESINZANO**, Appellant,

v.

**HOFFMAN–LA ROCHE, INC.**, a New Jersey Corporation, Office of Federal Contract Compliance Programs, Employment Standards Administration, United States Department of Labor, and Ellen Shong, Director of the Office of Federal Contract Compliance Programs, Employment Standards Administration, United States Department of Labor.

No. 83–5176.

United States Court of Appeals, Third Circuit.

Argued Dec. 1, 1983.

Decided Feb. 2, 1984.

---

Aron M. Schwartz (argued), Vogel & Chait, P.C., Morristown, N.J., for appellant.

W.H. Dumont, U.S. Atty., Lorraine S. Gerson, Asst. U.S. Atty., Newark, N.J., Francis X. Lilly, Deputy Sol. of Labor, James D. Henry, Associate Sol., Edward R. Mackiewicz, Counsel for Litigation, James M. Kraft, Asst. Counsel for Appellate Litigation, Roger W. Burke, Jr., Atty. (argued), U.S. Dept. of Labor, Washington, D.C., for appellees.

Before HUNTER and SLOVITER, Circuit Judges, and GREEN, District Judge *.

* Hon. Clifford Scott Green, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

**OPINION OF THE COURT**
SLOVITER, Circuit Judge.

I.

Angelo M. Presinzano, a laboratory technician at Hoffman-LaRoche, Inc. (LaRoche) since 1970, developed a chronic sensitivity to chemicals used in some of the company's operations as a result of a workplace accident in 1976. Unable to work in operations of the plant requiring exposure to chemical fumes and dusts, Presinzano was transferred to other company operations but was unable to secure a permanent position. On June 19, 1978, he was notified that his employment would be terminated because "no permanent position was available" that he could fill "with his medical limitation," and on October 31, 1978 his employment was in fact terminated.

On October 23, 1978, Presinzano filed an administrative complaint with the Office of Federal Contract Compliance Programs (OFCCP) in an effort to obtain relief against LaRoche as a federal contractor under section 503 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 793 (1976 & Supp. IV 1981). The OFCCP New York Regional Office found that LaRoche had not violated its duties or obligations to Presinzano. Presinzano appealed to the Director of the OFCCP, United States Department of Labor (OFCCP National Office).[1] The OFCCP National Office found the evidence insufficient to support a finding of no violation and directed the New York Regional Office to reinvestigate.

After submission of the additional investigation report, the National Office by memorandum of March 5, 1981 notified the Assistant Regional Administrator that it "does not concur with your findings of no violation" and "instructed [the Regional Office] to take the necessary action to comply with the recommendation" contained in the summary case analysis which was attached.

That summary concluded that the contractor violated its obligations under the non-discrimination and affirmative action provisions of its Federal contract, recommended that the finding of no violation be reversed, and recommended that the case be remanded to the Regional Office which should enter into conciliation discussion with the contractor. The New York Regional Office notified both Presinzano and LaRoche of its determination. The Regional Office directed the Newark Area Office to begin conciliation efforts as soon as it had received copies of the letters from the National Office informing Presinzano and LaRoche of the reversal.

On April 10, 1981, the New York Regional Office notified Presinzano and LaRoche that it had received copies of the letters and had forwarded them to the Newark Area Office with instructions to begin conciliation. LaRoche questioned why a new Notification of Results of Investigation had not been issued and its counsel stated that in fairness the company should be apprised of the basis for National Office reversal because "otherwise, the company would have no way of knowing how to respond." The New York Regional Office agreed, so informed the parties, and prepared a "proposed" amended NRI setting forth the basis for the reversal, which it sent to the Regional Solicitor of the Department of Labor for "concurrence and/or comments" and "reasons therefor", specifically, for a "legal sufficiency review". The Regional Solicitor enclosed the requested legal analysis and reported that he had "found no evidence of discrimination" and, accordingly, was closing the file on the case.[2] The New York Regional Office sent the legal analysis and the "proposed Amended NRI" to the National Office with the following recommendation: "We conclude that without RSOL [Regional Solicitor] concurrence we do not

---

1. The applicable regulation provides that:
   the complainant may request review by the Director of such a finding or decision within 30 days. 41 C.F.R. § 60–741.26(g)(1).

2. The Regional Solicitor found that LaRoche took affirmative action in attempting to place Presinzano, but that no suitable permanent positions were available, and that Presinzano made no attempt to bid for any positions until just before his termination date.

have a prosecutor. Therefore we recommend administrative closure of this complaint."

On July 15, 1981, the new Director of the OFCCP National Office, Ellen M. Shong, who assumed that position on June 8, 1981, after the reversal of the Regional Office's finding, informed Presinzano that the National Office had reviewed "all of the information available, including the case file and the views of the Office of the Solicitor of Labor," and had concluded that there was no violation, thereby concurring in the original determination of the New York Regional Office.

Presinzano then brought suit against LaRoche, alleging that LaRoche violated sections 503 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 793 and 794, as amended. He included pendent jurisdiction claims under New Jersey antidiscrimination statutes and state contract law. In Count VI, he also sued OFCCP and Director Shong (hereafter federal defendants) seeking declaratory, injunctive, and mandamus relief to reverse the federal defendants' decision not to initiate enforcement proceedings against LaRoche.[3] The district court dismissed the claim against LaRoche under section 503 of the Rehabilitation Act pursuant to our holding in *Beam v. Sun Shipbuilding & Dry Dock Co.,* 679 F.2d 1077 (3d Cir.1982), that no private right of action exists under that section. It also granted the federal defendants' motion for summary judgment. Plaintiff filed a notice of appeal from the order granting summary judgment on behalf of the federal defendants.

## II.

We consider first the defendants' motion to dismiss the appeal for lack of jurisdiction under 28 U.S.C. § 1291 on the ground that

the appeal was not taken from a final order. At the time of the entry of summary judgment on behalf of the federal defendants, there remained pending against LaRoche the section 504 claim and the pendent state law claims. The order granting summary judgment was not certified under Rule 54(b) of the Federal Rules of Civil Procedure.

■ Appellant claims we have jurisdiction on two grounds. First, while the appeal was pending, the district court dismissed the remaining claims.[4] This court has held that "a premature appeal taken from an order which is *not final* but which is followed by an order that *is final* may be regarded as an appeal from the final order in the absence of a showing of prejudice to the other party." *Richerson v. Jones,* 551 F.2d 918, 922 (3d Cir.1977) (emphasis in original). The vitality of this doctrine has recently been reaffirmed in *Cape May Greene, Inc. v. Warren,* 698 F.2d 179 (3d Cir.1983). In the latter case, we upheld our jurisdiction to review the grant of summary judgment against the plaintiff although the notice of appeal was filed while a crossclaim between two of the defendants was pending, since the cross-claim was disposed of during the pendency of the appeal. 698 F.2d at 184. We construed the holding in *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), that a premature notice of appeal "self-destructs" under Fed.R.App.P. 4(a)(4), as limited to those cases where motions have been filed in the district court under Fed.R.Civ.P. 50(b), 52(b) or 59, the only motions explicitly referred to in Rule 4(a)(4). *See* 698 F.2d at 185. The situation before us is governed by the holding and reasoning in *Cape May Greene,* and we con-

---

**3.** Plaintiff alleged jurisdiction of Count VI under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(1), and 28 U.S.C. § 1361. In *Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977), the Court held that § 1361 confers jurisdiction on federal courts to review agency action subject only to preclusion-of-review statutes. The Rehabilitation Act contains no preclusion-of-review. Therefore, we do not con-

sider jurisdiction under any of the other statutes.

**4.** Appellant has not appealed from that dismissal and informed us at oral argument that he is litigating his state law claims against LaRoche in state court.

clude that we have jurisdiction to hear this appeal on that basis.

Furthermore, we agree with plaintiff's second assertion that the order granting summary judgment for the federal defendants is appealable as an "interlocutory order[ ] . . . refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1) (1976). Section 1292(a)(1) has been held to confer appellate jurisdiction where injunctive relief has been effectively denied although fewer than all claims or all defendants were dismissed. *See, e.g., Tagupa v. East-West Center, Inc.,* 642 F.2d 1127, 1129 (9th Cir. 1981); *Davis v. Ball Memorial Hospital Association,* 640 F.2d 30, 34–35 (7th Cir.1980); *Holton v. Crozer-Chester Medical Center,* 560 F.2d 575, 577 (3d Cir.1977); *McNally v. Pulitzer Publishing Co.,* 532 F.2d 69, 73 (8th Cir.1976). The purpose of section 1292(a)(1) is to permit litigants to challenge interlocutory orders of "serious, perhaps irreparable, consequence" that can be "effectually challenged" only by immediate appeal. *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981); *see also United States v. Wade,* 713 F.2d 49, 52 (3d Cir.1983); *Tokarcik v. Forest Hills School District,* 665 F.2d 443, 446–47 (3d Cir.1981), *cert. denied,* 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982); *Shirey v. Bensalem Township,* 663 F.2d 472, 475–76 (3d Cir.1981). Where the dismissal of some defendants prevents the plaintiff from obtaining the full injunctive relief requested, or effectively denies relief altogether, then an appeal may lie under 1292(a)(1). *Holton v. Crozer-Chester Medical Center,* 560 F.2d at 577.

In this case, the grant of summary judgment in favor of the federal defendants, although not in terms refusing an injunction, "had the practical effect of doing so." *Carson v. American Brands,* 450 U.S. at 83, 101 S.Ct. at 996. Plaintiff had requested an injunction only against the federal defendants, not against the remaining defendant, LaRoche. By finding in favor of the federal defendants, the court "necessarily decided that upon the facts alleged [the plaintiff was] not entitled to an injunction." *Shirey v. Bensalem Township,* 663 F.2d at 477 (quoting *General Electric Co. v. Marvel Rare Metals Co.,* 287 U.S. 430, 433, 53 S.Ct. 202, 203, 77 L.Ed. 408 (1932)). Thus, the order "pass[ed] on the legal sufficiency of [the] claim[ ] for injunctive relief," *Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 481, 98 S.Ct. 2451, 2453, 57 L.Ed.2d 364 (1978), and we have jurisdiction to hear the appeal on this ground as well.

### III.

We turn then to the merits of plaintiff's § 503 claim against the federal defendants. In granting summary judgment for the federal defendants, the district court, in its oral opinion, held that "[there] was a determination by the [OFCCP] director that Hoffman-LaRoche had not violated the act and "[t]hat [determination] would give rise to no cause of action in the court at all . . . unless it was a completely arbitrary, capricious conclusion, which is not the case here." App. at 45a–46a. The court held, alternatively, that "[i]f you accept the plaintiff's argument that there was found to be a violation of the act, but there was a determination not to press that violation by either . . . administrative or litigation methods . . . then I think that the director was well within the ambit of the responsibilities devolved upon the director in not bringing an action." The court reasoned, "There is discretion in these cases not to bring these claims into litigation." App. at 46a.

The essence of the relief which plaintiff has requested against the federal defendants is an order "[r]equiring Shong and the OFCCP, U.S. Department of Labor immediately to begin conciliation proceedings with Roche in accordance with the applicable statutes and regulations" and "requiring" them "to commence enforcement proceedings against Roche in the event conciliation fails." App. at 19a. It is apparent from the face of the complaint that plaintiff, through his action against the federal officials, seeks to reverse a decision declining to initiate conciliation and thereafter enforcement on his behalf.

As a general principle, administrative prosecutors have wide discretion as to whether or whom to sue. *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 248, 100 S.Ct. 1610, 1616, 64 L.Ed.2d 182 (1980); *City of Chicago v. United States,* 396 U.S. 162, 165, 90 S.Ct. 309, 311, 24 L.Ed.2d 340 (1969); *Union Mechling Corp. v. United States,* 566 F.2d 722, 724–25 (D.C.Cir.1977). A prosecutorial decision is either entirely "committed to agency discretion" and hence unreviewable under § 701 of the Administrative Procedure Act, *see City of Chicago v. United States,* 396 U.S. at 165, 90 S.Ct. at 311, or, at most, subject to limited review under the "arbitrary and capricious" standard of § 706 of the APA. *See Dunlop v. Bachowski,* 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975). The relevant inquiry under the latter standard is "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136. Although plaintiff vigorously disagrees with the ultimate decision of the federal officials on July 15, 1981 not to proceed to conciliation against LaRoche, there is nothing in the record to show that that decision was based on irrelevant factors or that the judgment of the officials was "clear error".

Presinzano argues, however, that the principle of prosecutorial discretion is not applicable here because of the regulations implementing § 503 of the Rehabilitation Act. He claims that once there has been an administrative determination to proceed with the first step of conciliation, the regulations require proceeding along a specific route from which any deviation is impermissible. He also contends that the March 5, 1981 letter from the OFCCP directing conciliation was a "final decision" which could not be reconsidered by the OFCCP.

Under the applicable regulations on which plaintiff relies, 41 C.F.R. §§ 60–741.26—60–741.29, an employee may file a complaint with the Director alleging a federal contractor has violated the Rehabilitation Act or the regulations. The Department is required to institute a "prompt investiga-tion". 41 C.F.R. § 60–741.26(e). The relevant regulations then provide:

(1) If the complaint investigation shows no violation of the Act or regulations in this part, *or if the Director decides not to initiate administrative or legal proceedings against the contractor,* the complainant shall be so notified. Within 30 days, the complainant may request review by the Director of such a finding or decision.

(2) Where an investigation indicates that the contractor has not complied with the requirements of the Act or this part, *efforts shall be made to secure compliance through conciliation* and persuasion within a reasonable time....

41 C.F.R. § 60.741.26(g). If conciliation fails, the regulations provide:

In every case where any complaint investigation indicates the existence of a violation of the affirmative action clause or these regulations, the matter should be resolved by informal means, including conciliation, and persuasion, whenever possible. This will also include establishing a corrective action program in accordance with § 60–741.26(g)(2). Where the apparent violation is not resolved by informal means, *the Director shall proceed in accordance with the enforcement procedures* contained in this part.

41 C.F.R. § 60–741.28(a) (emphasis added).

Plaintiff argues that because § 60–741.26(g)(2) states that where an investigation "indicates" a violation, efforts to secure compliance through conciliation and persuasion "shall be made," the Director no longer has discretion but instead is "required by the regulations to undertake conciliation efforts." Reply Brief of Appellant at 2.

We agree with the district court that this is an unpersuasive interpretation of the regulations. The regulations were promulgated pursuant to the statutory authority, delegated to the Department of Labor by the President, to promulgate regulations to implement the Act. 29 U.S.C. §§ 701, 793(c) (1976). The Act itself makes clear that the Director retains the tradition-

al prosecutorial discretion. It provides that upon the filing of a complaint the Department "shall promptly investigate such complaint and shall take such action thereon *as the facts and circumstances warrant,* consistent with the terms of such contract and the laws and regulations applicable thereto." 29 U.S.C. § 793(b) (emphasis added). The regulations in turn give the Director discretion as to whether to prosecute, providing that even if a violation is found, the Director is free to "decide[ ] not to initiate administrative or legal proceedings." 41 C.F.R. § 60–741.26(g)(1). Since both the Act and the regulations give broad discretion to the agency, it is not reasonable to interpret § 60–741.26(g)(2) as giving the agency less discretion to decide whether to initiate the preliminary step of conciliation than it has to proceed with the subsequent step of prosecution. Moreover, the agency itself does not interpret the regulation in that manner and an agency's interpretation of its own regulations is owed considerable deference. *See Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 566, 100 S.Ct. 790, 797, 63 L.Ed.2d 22 (1980); *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 413–14, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945); *Beatty v. Schweiker,* 678 F.2d 359, 360 (3d Cir.1982).

Plaintiff argues, however, that because the March 5, 1981 decision of the National Office was a "final decision", it signaled the completion of administrative review of plaintiff's appeal, and no further review of the administrative action to be taken by the agency was permissible under the applicable regulations. The allegedly "final" decision, however, was the decision by the National Office to the Regional Office to enter into conciliation discussions with the contractor. As such, it was merely one of the steps in the administrative proceedings which could ultimately lead to enforcement action. It is not analogous to cases holding that an administrative agency which has issued a license or certificate to a party may not thereafter retract or modify that decision on which the license or certificate holder has relied. *See, e.g., United States v. Seatrain Lines, Inc.,* 329 U.S. 424, 67 S.Ct.

435, 91 L.Ed. 396 (1947); *Chapman v. El Paso Natural Gas Co.,* 204 F.2d 46 (D.C.Cir. 1953). Although plaintiff would have us regard the March 5, 1981 letter as reflecting an irrevocable decision to prosecute, such an approach would divest an agency of the requisite flexibility and discretion to decide at any point in the proceedings not to pursue a claim.

In this case, the Regional Solicitor's Office presented its legal analysis of the facts and its recommendation that the case be administratively closed. The affidavit of Director Shong establishes that she took the findings and conclusions of the Regional Solicitor into account in making her ultimate decision that LaRoche had fulfilled its obligations. Although plaintiff argues that the action by the Regional Solicitor and the "additional review" by Shong were unauthorized by regulations, we believe on the contrary that an administrative agency has inherent discretion to solicit the view of its legal staff, and to consider even the unsolicited views of its legal staff, particularly when it is precisely these attorneys who have responsibility for the enforcement proceedings.

Since the Director or designee initially has discretion not to institute administrative or legal enforcement proceedings regardless of whether a violation is found, *a fortiori* s/he must have such discretion during the proceedings. The regulations do not suggest that the Director must make an irrevocable decision as to prosecution, and courts have traditionally accorded wide discretion to administrative agencies in this area. *See, e.g., Marshall v. Jerrico, Inc.,* 446 U.S. at 248, 100 S.Ct. at 1616; *City of Seabrook v. Costle,* 659 F.2d 1371, 1374–75 (5th Cir.1981).

Shong characterizes her July 15, 1981 decision finding no violation as the agency's "final decision", and we find no basis in the law or the regulations to reject that characterization. The OFCCP's investigation pursuant to its interpretation of the regulations was regular, careful, and thorough, both initially and on review. After the second investigation, the National Office,

with the concurrence of the Solicitor of Labor, determined that LaRoche had not violated the Rehabilitation Act. Plaintiff's characterization of the OFCCP's decision-making process as including an additional, "unauthorized" review is simply not persuasive.

■ We do not consider the wisdom of the Director's final decision not to pursue conciliation with LaRoche on plaintiff's behalf, because that is beyond our scope of review. We hold instead that we cannot say that the National Office lacked discretion either to seek or take the advice of its attorneys in determining the merits of a case, or to decline to proceed with a case after it had been determined to be unsuitable for further legal action. Nothing in the regulations suggests that the OFCCP and the Solicitor are not entitled to select cases that permit the most effective enforcement of the Act, whether for prosecution or for preliminary legal action such as conciliation proceedings. Plaintiff has not alleged the type of total abdication of statutory enforcement responsibility which would justify judicial review. *See Adams v. Richardson*, 480 F.2d 1159, 1162 (D.C.Cir.1973).

Furthermore, plaintiff's contention that the district court acted on an insufficient record in the instant case is without merit. If a prosecutorial decision is reviewable at all, the record for review is sufficient if it contains a "statement of reasons" for the decision. *Dunlop v. Bachowski*, 421 U.S. at 571, 95 S.Ct. at 1860. Judged by this standard, the record in the instant case is more than sufficient.[5]

We conclude, therefore, that the district court did not err in granting summary judgment for the federal defendants. Our opinion is not intended to reflect on the merits of plaintiff's substantive claim against LaRoche which is not before us.

For the foregoing reasons, we will affirm the decision of the district court.

5. In light of our decision, it is not necessary to consider plaintiff's argument that the district court erred in holding that it did not have the

power to compel conciliation or enforcement proceedings.