EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff–Counter
Defendant–Appellee,

v.

KERRVILLE BUS COMPANY,
INC., Defendant–Counter
Plaintiff–Appellant.

No. 90–5577.

United States Court of Appeals,
Fifth Circuit.

March 4, 1991.

Rehearing Denied April 2, 1991.

Shelton E. Padgett and Dewey Poteet, Akin, Gump, Strauss, Hauer & Feld, San Antonio, Tex., for defendant-counterplaintiff-appellant.

Lutecia G.Q. Chacon, Ismael Alvarez, E.E.O.C., San Antonio, Tex., and Samuel A. Marcosson, E.E.O.C., Washington, D.C., for E.E.O.C.

Before JOHNSON, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

JOHNSON, Circuit Judge:

The Kerrville Bus Company seeks an immediate appeal from an order of the district court dismissing its counterclaims against the Equal Employment Opportunity Commission. Because the appeal pursued by Kerrville is interlocutory in nature, and Kerrville has not demonstrated that it will suffer any serious or irreparable injury if it must wait to appeal from a final judgment, the appeal will be dismissed for want of jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

In September 1988 the EEOC brought this action against the Kerrville Bus Company (Kerrville) on behalf of Mexican–American mechanics in Kerrville's employ. The EEOC alleges that Kerrville underpaid these mechanics, that it failed to promote them, and that it maintained a harassing work environment. Kerrville answered, denying the allegations of the complaint, alleging several affirmative defenses, and asserting counterclaims against the EEOC.

The gravamen of Kerrville's counterclaims and its first affirmative defense is that the EEOC improperly conducted its investigation of Kerrville. In particular, Kerrville alleges that the EEOC failed adequately to notify Kerrville of its investigation, that the EEOC did not conduct a fair and impartial investigation, and that the EEOC did not engage in good faith conciliation efforts. The first affirmative defense alleges that these asserted improprieties

violated Title VII, that they constitute a failure by the EEOC to fulfill certain statutory prerequisites to the jurisdiction of the district court, and that the EEOC's action against it must be dismissed. The counterclaims allege that the improprieties in the investigation constitute violations of Title VII, the Administrative Procedure Act, and the Fifth Amendment. The counterclaims, however, seek no money damages; rather, Kerrville seeks injunctive and declaratory relief. Kerrville demands a permanent injunction 1) dismissing the EEOC's action against Kerrville, and 2) prohibiting future litigation predicated on the same investigation. Kerrville did not seek a preliminary injunction of any sort.

The EEOC moved to dismiss the counterclaims on the grounds that the district court had no subject matter jurisdiction of them, and that they were barred by the doctrine of sovereign immunity. The district court granted the EEOC's motion on both grounds and dismissed the counterclaims without prejudice. Kerrville now attempts to appeal from that ruling.

## II. DISCUSSION

Because our jurisdiction of interlocutory appeals is quite limited, the first inquiry in a case such as this must necessarily be whether this Court has jurisdiction of the appeal. Moreover, because the district court has not certified the issue presented by this appeal as involving a controlling question of law, and because this Court has not granted permission to pursue an interlocutory appeal, *see* 28 U.S.C. § 1292(b), the precise question before this court is whether Kerrville may appeal from the dismissal of its counterclaim *as of right.* Kerrville advances two theories in support of its position that it has a right to an immediate appeal.

**A. Interlocutory Appeals Under § 1292(a)(1)**

Kerrville first argues that 28 U.S.C. § 1292(a)(1) confers upon it a right to appeal immediately from the order dismissing its counterclaims. That section provides that a party may appeal as of right from an order that refuses an injunction,[1] and since Kerrville's counterclaims sought an injunction, Kerrville contends that the order dismissing its counterclaims was an order refusing an injunction. Although plausible, Kerrville's argument ultimately fails.

On one initial point Kerrville is correct: under § 1292(a)(1), the right to an interlocutory appeal does not depend on whether the injunction at issue is a permanent injunction or a preliminary injunction. In *Shanks v. City of Dallas,* 752 F.2d 1092 (5th Cir.1985), this Court noted that § 1292(a)(1) "functions primarily to allow interlocutory review of orders ... granting or denying preliminary, and not permanent, injunctions," but observed that "denial of a permanent injunction ... [will] on occasion threaten the type and certainty of injury" that makes interlocutory review appropriate. 752 F.2d at 1096, 1097.[2] Moreover, the Supreme Court has stated that § 1292(a)(1) may "at times embrace denials of permanent injunctions," *Switzerland Cheese Ass'n v. E. Horne's Market,* 385 U.S. 23, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966), and this Court has allowed interlocutory appeals from the denial of permanent injunctions. *E.g., EEOC v. Int'l Longshoremen's Ass'n,* 511 F.2d 273, 276 (5th Cir.1975). Thus, the question is not whether the injunctive relief sought was permanent or preliminary.

Rather, the first question under § 1292(a)(1) is whether the order appealed from *specifically* denied an injunction (whether permanent or preliminary), or merely had the *practical effect* of doing so.

---

1. § 1292. Interlocutory decisions
   (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
   (1) Interlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions,

except where a direct review may be had in the Supreme Court....

2. Indeed, the *Shanks* Court expressly recognized that "§ 1292(a)(1) allows the interlocutory appeal of both permanent and preliminary injunctions." 752 F.2d at 1097 n. 6.

If the order specifically denied an injunction, then under § 1292(a)(1) that order is appealable as of right, right away. *Atwood Turnkey Drilling, Inc. v. Petroleo Brasiliero, S.A.*, 875 F.2d 1174, 1176 (5th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1124, 107 L.Ed.2d 1030 (1990). *See also Justin Indus. v. Choctaw Sec., L.P.*, 920 F.2d 262, 265 n. 1 (5th Cir.1990) (proper to exercise interlocutory appellate review because district court had specifically denied request for injunction). If, on the other hand, an order only had the practical effect of denying an injunction, then a party may still have a right to an immediate appeal, but only if it can show that the order might have some " 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal." *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 997, 67 L.Ed.2d 59 (1981) (quoting *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955)).[3] *See also Shanks*, 752 F.2d at 1096.

Thus, the question here is whether the order entered by the district court in this case specifically denied an injunction. If it did, no more need be said, as Kerrville can seek immediate interlocutory review as of right. If, however, the order did not specifically deny an injunction, then before Kerrville can invoke the jurisdiction of this Court, it must meet the test established by *Carson:* it must show both that the order may have serious, perhaps irreparable consequences, and that the order can only be effectively challenged by an immediate appeal.

Kerrville argues that because its counterclaims sought injunctive relief, the order dismissing its counterclaims was necessar-ily an order specifically denying an injunction. Kerrville's argument is not well taken. The same argument was presented to the Third Circuit in *Shirey v. Bensalem Township*, 663 F.2d 472 (3d Cir.1981), and that Court rejected it. The dismissal or denial of the claim may be for reasons wholly unrelated to the nature of the relief requested by that claim, and as the Third Circuit observed, "the mere fact that injunctive relief has been requested and is therefore encompassed within the ruling made by the court on other grounds does not transform the ruling into one denying an injunction." 663 F.2d at 477. Moreover, as the Supreme Court has noted, a central principle of appellate jurisdiction is that only *final* decisions are reviewable, and that § 1292(a)(1) creates only a limited exception to that principle. *Carson*, 450 U.S. at 83, 84, 101 S.Ct. at 996. It would unduly expand the exception created by § 1292(a)(1) to hold that any order dismissing or denying a claim that seeks equitable relief is immediately appealable, even if that order does not portend any serious or irreparable consequences and can be effectively challenged in the normal course of appeal.

■ Accordingly, this Court holds that an order that dismisses a claim seeking an injunction is not ordinarily an order specifically denying the injunctive relief sought by that claim. If the important policy of avoiding piecemeal appeals is to be well served, there must be some additional, substantial indication—whether from the language of the order, or the grounds on which it rests, or the circumstances in which it was entered—that the district court was acting specifically to deny injunctive relief.[4] Absent such an indication, this

---

3. The *Carson* Court explained that this restrictive approach to interlocutory appellate jurisdiction results from the fact that, in general, only *final* decisions of the federal district courts should be reviewable on appeal. 450 U.S. at 83, 101 S.Ct. at 996. Accordingly, the Court added, "[b]ecause § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly...." 450 U.S. at 84, 101 S.Ct. at 996.

4. The rule announced here comports with our precedents. Since *Atwood*, in which this Court held that orders which specifically grant or deny injunctions are immediately appealable as of right without respect to the *Carson* standards, our cases have not simply looked to whether the dismissed or denied claim sought some injunctive relief; our cases have been careful to discern whether the order at issue particularly referred to, or was directed at, the injunctive relief sought. *See, e.g., Justin Indus.*, 920 F.2d at 266 (Court has appellate jurisdiction, because

Court will not undertake to decide cases one piece at a time.

■ The case now before the Court illustrates very well the nature of the necessary inquiry. While the order entered by the district court in this case expressly refers to Kerrville's request for injunctive relief, that reference is not by itself sufficient to convince us that the district court was acting specifically to deny injunctive relief. Rather, a review of the entire order makes clear that the result reached had nothing to do with the nature of the relief sought by Kerrville. The concluding portion of the order recites:

> In summary, the Court finds no basis for exercising subject [matter] jurisdiction over the counterclaims of Kerrville under any of [the] statutory provisions cited by it in its Third Amended Answer, Second Amended Counterclaim and Application for Declaratory and Injunctive Relief.... Accordingly, IT IS ORDERED that Plaintiff's motion to dismiss the counterclaims and request for declaratory and injunctive relief be, and the same are hereby, DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.[5]

*EEOC v. Kerrville Bus Co., Inc.*, No. SA–88–CA–1056, order at 20–21 (W.D.Tx.Apr. 19, 1990) (Suttle, J.). Given that the order was grounded in the district court's determination that it did not have jurisdiction of the counterclaims, the bare mention of the fact that Kerrville was seeking equitable relief is not enough to persuade this Court that the district court was acting specifically to deny an injunction.

Because the order of the district court did not specifically deny an injunction, Kerrville's right to an immediate appeal depends on whether it can show, as required by *Carson*, that the order may cause serious, perhaps irreparable injury, and that the order can only be effectively challenged by an immediate appeal. Kerrville has not made such a showing. First, Kerrville has not shown that the order may cause serious or irreparable injury. The only injuries alleged by Kerrville stem from having to defend the charges that resulted from the EEOC's allegedly flawed investigation. These burdens, and particularly the potential expense of litigation, are not sufficiently serious to warrant interlocutory appeal. *Cf. Employers Ins. of Wausau v. Shell Oil Co.*, 820 F.2d 898, 899–900 (7th Cir.1987) ("The Supreme Court has repeatedly rejected claims that the expense of litigation allows appellate review under [28 U.S.C.] § 1291 in advance of the termination of the case."). Although it dealt specifically with § 1291, the rationale of *Wausau* applies equally to appeals brought under § 1292(a)(1): if the burdens and potential expense of litigation were the sort of serious, perhaps irreparable injury adverted to by *Carson*, then every denial of summary judgment would result in an injury justifying interlocutory review.

■ Moreover, while its counterclaims were pending in the district court for over a year, Kerrville never sought any preliminary injunction or other temporary relief. Kerrville's failure to do so is strong evidence that Kerrville did not perceive any danger of irreparable injury flowing from the litigation.

> The party's own evaluation that there is no need for injunctive relief *pendente lite* is a good indication that the status quo can continue until the ultimate con-

---

"the district court *a quo* specifically denied [defendant's] request for an injunction"); *Browning v. Navarro*, 887 F.2d 553, 555 (5th Cir.1989) (district court order which denied motion for summary judgment was immediately appealable as of right where the order refused to enjoin enforcement of an earlier judgment). *Accord Black Association of New Orleans Fire Fighters v. City of New Orleans*, 853 F.2d 347, 350, 352–53 (5th Cir.1988) (pre-*Atwood* case) (applying *Carson* standards to question of whether court had jurisdiction to hear interlocutory appeal, after extended discussion of whether order appealed from refused to vacate injunction, or refused to vacate consent decree).

**5.** The order is potentially confusing as it purports to dismiss the Plaintiff's motion to dismiss. It is clear from the full text of the order, however, that the district court granted the EEOC's motion to dismiss Kerrville's counterclaims, but dismissed those counterclaims without prejudice.

clusion of the litigation without interlocutory appellate review.

*Shirey,* 663 F.2d at 476. While it is true, as noted above, that one need not have been denied a preliminary injunction in order to have a right to an immediate appeal, it is equally true, as noted above, that denials of permanent injunctions will warrant interlocutory review only in unusual circumstances. No such unusual circumstances are present here.

The absence of circumstances justifying an immediate appeal is also illustrated by Kerrville's failure to meet the second half of the *Carson* test. Kerrville has not shown that the district court's order can only be effectually challenged by an immediate appeal. There is no reason that Kerrville cannot challenge the district court's order in the normal course of appeal; if an appeal is taken from a final judgment of the district court, and Kerrville still wishes to pursue the matters raised in its counterclaims, it may contest their dismissal in that appeal. It is worth noting that Kerrville still has available to it in the district court its first affirmative defense, a defense which raises the same issues as are raised in the counterclaims. If it thinks itself so entitled, Kerrville can move for summary judgment on the basis of that defense, and if denied, can try it. There is every indication that if Kerrville is entitled to relief on the issues which it raised in both its counterclaims and first affirmative defense, it will receive that relief in the district court.

In sum, this Court finds that the district court order did not specifically deny an injunction and that Kerrville must therefore meet the standards of *Carson.* Kerrville, however, has not shown either that it faces sufficiently serious or irreparable consequences as a result of the order dismissing its counterclaims, or that it can only avoid those consequences by pursuing an immediate appeal. Accordingly, Kerrville has not met the *Carson* test, and this Court has no jurisdiction of its appeal under § 1292(a)(1).

B. *The Collateral Order Doctrine*

■ Kerrville advances a second argument in support of its position that it has a right to an immediate appeal from the order dismissing its counterclaims. Kerrville argues that the district court's order dismissing its counterclaims qualifies for interlocutory appeal under the collateral order doctrine. This argument too must fail.

■ In order to be reviewable under the collateral order doctrine, an order must meet four requirements:

1) the order must finally dispose of a matter so that the district court's decision may not be characterizable as tentative, informal or incomplete; 2) the question presented must be serious and unsettled; 3) the order must be separable from, and collateral to, rights asserted in the principal suit; and 4) there should generally be a risk of important and probably irreparable loss if an immediate appeal is not heard.

*Acosta v. Tenneco Oil Co.,* 913 F.2d 205, 207–08 (5th Cir.1990). *See also EEOC v. Neches Butane Prods. Co.,* 704 F.2d 144, 148 (5th Cir.1983). In addition, our cases establish that the question of whether to exercise jurisdiction under the collateral order doctrine must "be examined in the light of practical, rather than narrowly technical, considerations." *In the matter of Covington Grain Co., Inc.,* 638 F.2d 1357, 1360 (5th Cir. Unit B 1981).

Kerrville argues that the district court's order meets all of these conditions necessary for review under the collateral order doctrine. We disagree. Initially, it is not at all clear that the district court's order dismissing Kerrville's counterclaims is independent of or easily separable from the substance of the other claims in the action. Kerrville concedes that its defenses are based on the same facts which give rise to its counterclaims, and that the dismissal of the counterclaims will not alter the evidence to be adduced at trial. We need not resolve this question, however, because even if the order dismissing the counterclaims is sufficiently independent and separable from the rest of the action, Kerrville has not shown that immediate review is necessary to prevent any important or irreparable loss.

As in the case of its attempt to qualify for interlocutory review under § 1292(a)(1), Kerrville argues that the losses it faces in the absence of an immediate appeal are the burdens and expenses of this litigation. Once again, these losses are not sufficient to warrant interlocutory review. Just as Kerrville could not show for purposes of *Carson* that an immediate appeal is necessary to avoid serious, perhaps irreparable consequences from the district court's order, Kerrville similarly cannot show for purposes of the collateral order doctrine that immediate review of the order is necessary to prevent a sufficiently important or irreparable loss. Practically speaking— as *Covington Grain* requires—Kerrville's interest in avoiding this litigation can be as well served by a motion for summary judgment on its affirmative defenses as by a motion for summary judgment on its counterclaims, and, as noted above, such a course of action remains open to Kerrville. The order dismissing Kerrville's counterclaims does not qualify for review under the collateral order doctrine.

### III.  CONCLUSION

For the reasons stated, this appeal is dismissed for want of jurisdiction.

DISMISSED.