Watson v. Dimke, No. S1497-01 Cncv (Katz, J., Apr. 5, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

WATSON

v.

DIMKE

ENTRY

Taking a page from the Modern Politican's Playbook on Information Disclosure,[1] plaintiffs argue the novel position that while information

---

[1] See In re Cheney, 334 F.3d 1096 (D.C. Cir. 2003); Press Release, Judicial Watch, Judicial Watch Calls on Howard Dean to Release Sealed Gubernatorial Papers (Oct. 1, 2003), available at http://www.judicialwatch.org/092503_PR.shtml.

between accountants and clients is not privileged, it does create a duty in accountants to resist subpoenas or other legal process when their clients do not consent. This kind of privilege-lite does not have the support of 26 V.S.A. § 82 or the facts involved in this case. We decline the invitation to interpret otherwise.

As part of litigation in Bennington County involving plaintiffs and a third party, the current defendants, Dimke, Feiden, and Feiden & Greenberg, who had provided accounting services for plaintiffs, were served with a subpoena. The subpoena was for records that defendants held in regards to plaintiffs and their businesses. Both parties admit that this information was not privileged since there has never been an accountant-client privilege in Vermont or on the federal level. See United States v. Bein, 726 F.2d 107, 112–13 (2d Cir. 1984). The closest equivalent to a privilege is the statutory guidelines for accounting information under 26 V.S.A. § 82. Under that provision:

> No firm or any of its employees or other public accountants engaged by the firm, shall disclose any confidential information obtained in the course of a professional engagement except with the consent of the client or former client or as disclosure may be required by law, legal process, or the standards of the profession."

26 V.S.A. § 82(a). Because we will follow the plain meaning of a statute where its language is unambiguous and clear, Reed v. Glynn, 168 Vt. 504, 506 (1998), this statute allows the disclosure of confidential communications between clients and accountants through at least four, independent avenues, consent, law, legal process, or professional standards. Assuming for the purposes of this motion that at least part of the

information that defendants held was confidential and thereby covered under § 82, there is no question that receipt of a subpoena by a litigant in a civil suit would qualify as a requirement to disclose under legal process. Therefore, defendants' compliance with this legal requirement did not violate any duty they might have owed to the Watsons.

Apart from plaintiffs' unsupported interpretation of § 82(a), which would require consent before any disclosure, they also argue that the subpoena received by defendants was not properly executed which thereby invalidated defendants' responsibility to disclose. Their first contention is that the subpoena was served by mail on December 24, 1998, in contravention of V.R.C.P. 45(b). Although Rule 45(b) does not condone the legality of mail service, defendants point out that they were served in person by Sheriff Brian Abbey on December 28, 1998. Three days later they complied with the subpoena. That defendants have not produced a copy of the service on defendant Feiden is not fatal to this claim since plaintiffs have not provided any reason to understand that service was incomplete. Gallipo v. City of Rutland, 163 Vt. 83, 86 (1994) (summary judgment is proper when party with burden has failed to make a showing sufficient to establish an essential element of his case). The same holds for plaintiffs' other contention that the subpoena failed to include the text of Rule 45(c) & (d). As defendants note, the copy of the subpoena referenced by plaintiffs is a one-sided copy of a two-sided document. Moreover, this document is a standard court form which is known to contain the required text of Rule 45 on its second side. (State of Vermont Subpoena, Form No. 501, Rev. Mar. 1995).

To take a step back, the plaintiffs' arguments are essentially that there maybe some discrepancies with the formal subpoena that defendants had an obligation to challenge. Where this asserted duty to fight or

challenge a subpoena comes from is not clear. The standard provided under 26 V.S.A. § 82(a) merely allows disclosure under the requirements of legal process. If our Legislature intended accountants to always file a pro forma objection, and notify their clients, it had a ready model. See Vt. R. Prof'l Conduct 1.6, cmt. (discussing attorney disclosures otherwise required or authorized). There is no requirement that this process be a formal subpoena, and there is no suggestion that parties should arduously guard their client confidentiality under the penalty of liability for professional negligence. Certainly, as Rule 45 states, parties served with a subpoena are welcome to challenge, but there is no requirement that they do. Plaintiffs arguments may have been valid for a motion to quash the subpoena when it was served, but the standards of § 82(a) will not support this attack against the facial validity of a subpoena for a liability claim. Nothing suggests such a motion would have been successful. As far as the uncontested facts show, the defendants received a subpoena, sought legal consultation, were aware that they were required to provide material within a legal process, and complied. The flexibility of § 82 and the purpose of Rule 45 is to allow such disclosure when it is relevant to litigation and help parties gather information. We conclude that defendants did not violate any standard established under 26 V.S.A. § 82 or some other duty to plaintiffs by complying. In sum, there is neither statutory or common law duty for accountants to fend off subpoenas.

Finally, even if there had been some duty between defendants and plaintiffs, there has been no evidence of proximate cause between the defendants' disclosure and plaintiffs' injury. Once defendants disclosed the financial information, plaintiffs settled with the third party for a substantial amount of money. Plaintiffs claim that, but for this disclosure, they would have had a larger award. Proximate cause requires that there be a causal connection between defendants' actions and plaintiffs harm. Rivers v.

<u>State</u>, 133 Vt. 11, 14 (1974).  This is commonly called "but for" causation. The documents that defendants disclosed to the third-party through subpoena were not privileged documents.  As defendants have noted, they were subject to discovery in the underlying case.  At any rate, they did nothing to change the plaintiffs' legal position or the third party's liability.

The disclosure may have interrupted the plaintiffs' tactical plan in litigation, but there is no evidence that the subpoena compliance undercut plaintiffs' ability to recover a larger amount.  Plaintiffs' decision to settle, while potentially a result of the disclosure, was not a necessary result but a tactical one.  Without further evidence it would be speculative to conclude that "but for" the release of unprivileged information, plaintiffs would have recovered a larger sum.  This was the time to submit that evidence.  <u>State v. Blodgett</u>, 163 Vt. 175, 180 (1995).

Both because there is no proof of breach of a legal duty and no proof of harm, defendants' motion for summary judgment is granted.  Plaintiff's claims against defendants are dismissed.

Dated at Burlington, Vermont_____, 2004.


_____
Judge