PACIFIC UNION CONFERENCE OF SEVENTH-DAY ADVENTISTS ET AL. *v.* MARSHALL ET AL.

No. A–81.   Decided August 2, 1977

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicants are conferences and other institutional bodies of the Seventh Day Adventist Church which operates some 150 religious schools and colleges in California.   They request that I stay enforcement of three discovery orders entered by the District Court for the Central District of California pending their filing of a petition for certiorari in this Court.   The Court of Appeals for the Ninth Circuit refused to grant relief by way of mandamus against the District Court's discovery orders and the District Court's order denying applicants' motion for summary judgment.   The action in which these orders were entered was brought by respondent Secretary of Labor against applicants to enforce the equal pay provisions of the Fair Labor Standards Act, 29 U. S. C. § 206 (d).   The District Court, in denying applicants' motion for summary judgment, noted that the Secretary was seeking to apply these provisions only to the lay employees of the applicants and not to their clergy.

Applicants contend that the principle of separation between church and state embodied in the First Amendment to the United States Constitution forbids Congress from applying to them this statute which requires in substance that men and women be paid equally for the same work, because such application would be contrary to their religious principles. They claim that even the presence on church school premises of representatives of the Secretary, pursuant to the District Court's authorization of discovery, for the purpose of examining payroll records in aid of the prosecution of this lawsuit is an "intrusion" forbidden by that Amendment.

While I am not prepared to say that four Members of this Court would not vote to grant certiorari to consider such a claim if it were squarely presented by a final order or decision of the District Court affirmed by the Court of Appeals, see *Wisconsin* v. *Yoder,* 406 U. S. 205 (1972); *Sherbert* v. *Verner,* 374 U. S. 398 (1963), I do not think certiorari would be granted to review the order of the Court of Appeals denying mandamus at this stage of the case. I have therefore decided to deny the application for a stay without attempting to inquire further as to what irreparable injury would be suffered by applicants in the event of such denial.

The order denying summary judgment which the applicants seek to have reviewed here, although they do not request that it be "stayed," is not even appealable to the Court of Appeals under 28 U. S. C. § 1291, to say nothing of being directly appealable to this Court. Because it is not a "final order or decision" within the meaning of that section, it is reviewable only pursuant to the provisions for interlocutory appeal set forth in 28 U. S. C. § 1292 (b). These provisions require as a first step in that procedure that the District Court certify the question as appropriate for interlocutory appeal. The District Court, however, in this case declined to make such a certification.

In their petition to the Court of Appeals, applicants

requested that court "to require respondent Court to dismiss said action or to enter summary judgment for defendants therein." So far as I am aware, such relief is not available, pursuant to statute or otherwise, in the Court of Appeals. Since the Court of Appeals issued no opinion in this matter, it could have construed the petition as a request to order the District Court to certify the question for interlocutory review. It would necessarily be this order of the Court of Appeals denying the requested relief which would be presented for review in applicants' petition for certiorari to that court.

Before any First Amendment claim would be reached upon such review, it would be necessary for this Court to decide that the Court of Appeals had authority by a writ of mandamus to require the District Court to certify a question for interlocutory appeal, and that it abused its discretion in refusing to do so in this case. While there have been differing views expressed by the Court of Appeals as to the availability of mandamus to require certification under § 1292 (b), the order of the Court of Appeals for the Ninth Circuit in this case does not seem to me to present the question in a way which would warrant review by this Court. The Court of Appeals did not indicate whether the writ was refused because of lack of authority, or by reason of that court's exercise of its discretion even though the authority was thought to exist. Shrouded as it is in these vagaries of certification procedure pursuant to 28 U. S. C. § 1292 (b), the First Amendment claim would not be squarely presented in any petition for certiorari at this time.

Applicants' request for a stay of the discovery orders pending review here of the Court of Appeals' refusal to interfere with them by mandamus stands on a somewhat different footing than the request to review the District Court's denial of summary judgment. While discovery orders are not themselves appealable, in extraordinary circumstances interlocutory review of them may be had by way of mandamus. *Schlagen-*

*hauf* v. *Holder,* 379 U. S. 104 (1964); *Kerr* v. *United States District Court,* 426 U. S. 394 (1976). In *Schlagenhauf,* however, where this Court reversed a denial of mandamus by the Court of Appeals, it was careful to point out that the case was the first opportunity it had been afforded to construe the provisions of Fed. Rule Civ. Proc. 35 (a).

In the present case applicants sought mandamus in the Court of Appeals for the Ninth Circuit to review at least the first of the discovery orders which they request that I stay.* The Court of Appeals declined to issue the writ. Unlike the situation in *Schlagenhauf, supra,* the Court of Appeals for the Ninth Circuit was not presented with any novel interpretation or first-impression question concerning the discovery rules themselves; there seems to be no question that if respondent is correct as to the underlying merits of the dispute over the applicability of the equal pay provisions, the discovery ordered by the District Court was entirely orthodox. Applicants' objection to the discovery orders is therefore impossible to separate from their underlying claim that they should not have been required to defend against the Secretary's action beyond the summary judgment stage. The discovery orders do require a degree of physical intrusion into applicants' records, but so long as that intrusion is within the normal bounds of discovery, I do not think this Court would grant certiorari to review the Court of Appeals' refusal of relief from that discovery by way of mandamus.

While *Schlagenhauf, supra,* opened the door a crack to per-

---

*After the writ had been denied by the Court of Appeals, the District Court on July 18 issued a discovery order amounting to a reinstatement of its original order of June 6. The Solicitor General contends that the last order, issued July 20, involves a substantially different phase of the litigation and is not properly before this Court, not having been considered by the Court of Appeals. In view of my conclusion that a stay is inappropriate under the circumstances disclosed by this application, if the Solicitor General's argument is factually correct it amounts to an additional reason for denying the stay.

mit review of a discovery order under the special circumstances of that case, to grant such review here would permit an application for review of a discovery order to serve in effect as a vehicle for interlocutory review of the underlying merits of the lawsuit. The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one, see *Liberty Mutual Ins. Co.* v. *Wetzel,* 424 U. S. 737 (1976). I think that this Court would be disposed to review applicants' constitutional claims, if at all, only after a full record is compiled in the course of the present litigation in the District Court followed by statutory appeal to the Court of Appeals.

The application to stay the orders of the District Court entered on June 6, July 18, and July 20, respectively, are accordingly

*Denied.*