**Kurt KAUSLER, individually as member of, and on behalf of all other members of United Food and Commercial Workers Union, Local 655, AFL–CIO; Thomas Jennings, individually as member of, and on behalf of all other members of United Food and Commercial Workers Union, Local 655, AFL–CIO, Appellants,**

**v.**

**William B. CAMPEY, individually and as President and member of the Executive Board of the United Food and Commercial Workers Union Local 655, AFL–CIO; James Brown, individually and as Secretary–Treasurer and member of the**

Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Louis Sachs, individually and as Recorder and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; William Swift, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Daniel Sullivan, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Robert Litteken, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Nick Torpea, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Robert Lindsley, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Kay Wilson, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Gene Kaiser, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Jennifer Chandler, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Terry Bowman, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Brenda Juenger, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Harriett Weaver, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Curtis Bond, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Tom Nofles, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Nancy Vontalge, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Dorise Enders, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Greg Leber, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; Tom Willey, individually and as Vice–President and member of the Executive Board of the United Food and Commercial Workers Union, Local 655, AFL–CIO; United Food and Commercial Workers Union, Local 655, AFL–CIO, a labor organization, Appellees.

No. 92–2135.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1992.

Decided April 1, 1993.

**298**

John C. Weller, St. Louis, MO, argued (Jill S. Bollwerk, on brief), for appellants.

Jerome A. Diekemper, St. Louis, MO, argued (Greg A. Campbell, on brief), for appellees.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and STROM,* District Judge.

WOLLMAN, Circuit Judge.

Kurt Kausler and other members of Local 655, United Food and Commercial Workers Union, AFL–CIO, appeal from the district court's [1] order dismissing Count II of their complaint. Because we lack jurisdiction, we dismiss the appeal.

* The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

## I.

On November 13, 1990, appellants initiated this action against the officers and Executive Board members of Local 655, United Food and Commercial Workers Union, AFL–CIO ("Local 655"). Count II of appellants' complaint claimed that actions taken by Local 655's officers, including salary increases to the officers and staff and the appropriation of funds for the purchase of customized pens and boxcutters, violated 29 U.S.C. § 501(a). Count II requested an array of remedies, including money damages, and prayed for both declaratory and injunctive relief. A plaintiff must establish "good cause" in a verified complaint to maintain an action claiming a violation of Section 501(a). 29 U.S.C. § 501(b). Because the district court determined that plaintiffs had not established "good cause," it dismissed Count II of their complaint.

## II.

The Judiciary Act of 1789 established the general principle that only final orders of federal district courts are reviewable on appeal. *Carson v. American Brands, Inc.*, 450 U.S. 79, 83, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981). Congress has created certain statutory exceptions to this principle. *Id.* One of these exceptions, 28 U.S.C. § 1292(a)(1), permits a party to appeal as of right from "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions...." As the Supreme Court has noted, "[t]he policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." *Pacific Union Conference v. Marshall*, 434 U.S. 1305, 1309, 98 S.Ct. 2, 4, 54 L.Ed.2d 17 (1977).

The first question we must address is whether the order appealed from specifically denied an injunction or merely had the practical effect of doing so. *See E.E.O.C. v. Kerrville Bus Co.*, 925 F.2d 129, 131 (5th Cir.1991). The "mere fact that injunctive relief has been requested and is therefore encompassed within the ruling made by the court on other grounds does not transform

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

the ruling into one denying an injunction." *Shirey v. Bensalem Township,* 663 F.2d 472, 477 (3rd Cir.1981). The "dismissal or denial of [a] claim may be for reasons wholly unrelated to the nature of the relief requested by that claim...." *Kerrville Bus Co.,* 925 F.2d at 132. Thus, to support a conclusion that the district court specifically denied injunctive relief, "there must be some additional, substantial indication— whether from the language of the order, or the grounds on which it rests, or the circumstances in which it was entered—that the district court was acting specifically to deny injunctive relief." *Id.*

■ An order that merely has the practical effect of denying an injunction is immediately appealable only if it can be shown that the order might have some "serious, perhaps irreparable, consequence" and that the order can be "effectually challenged" only by immediate appeal. *Carson,* 450 U.S. at 84, 101 S.Ct. at 996; *see also Swenson v. Management Recruiters Int'l, Inc.,* 872 F.2d 264, 266 (8th Cir.), *cert. denied,* 493 U.S. 848, 110 S.Ct. 143, 107 L.Ed.2d 102 (1989) (employing *Carson* approach). If the affected party cannot establish that both of the *Carson* requirements have been satisfied, "the general congressional policy against piecemeal review will preclude interlocutory appeal." *Carson,* 450 U.S. at 84, 101 S.Ct. at 997.

■ A close examination of the district court's order and accompanying memorandum reveal that the district court did not expressly deny appellants' request for injunctive relief. *See* D.Ct. Order of April 14, 1992; D.Ct. Memorandum of April 14, 1992, *passim,* 788 F.Supp. 423. Neither the order nor the memorandum mentions appellants' request for injunctive relief; they simply dismiss Count II for failing to show good cause as required by 29 U.S.C. § 501(b). Thus, the order did not specifically deny appellants' prayer for injunctive relief but merely had the effect of doing so.

Appellants fail to meet either of the *Carson* requirements. First, appellants cannot show that the order might have some "serious, perhaps irreparable, consequence." Because Count II challenged merely salary increases for officers and staff and the purchase of a few personalized pens and boxcutters, the order does not threaten to cause any irreparable consequences. A reversal of the district court's dismissal of Count II in a proper appeal after the resolution of all claims and a subsequent award of monetary damages would afford appellants a full measure of recovery.

With respect to the second *Carson* requirement, appellants also fail to show that the order can be "effectually challenged" only by immediate appeal. Appellants have not demonstrated any reason why they cannot wait for the district court to render a decision on Count I of their complaint, at which point they may appeal with respect to all counts.

The appeal is dismissed.