**FREELAND TRUST, Plaintiff**

**v.**

**ROBERT ROACH and JOSEPHINE ROACH, Defendants**

**ROBERT ROACH and JOSEPHINE ROACH, Plaintiffs**

**v.**

**WEST INDIES INVESTMENT COMPANY and VICTOR C. GOMEZ, Defendants**

**v.**

**BERT PAIEWONSKY, RICHARD BOEHM, ROBERT SHANK, MAURICETTE BRIN, MARION GUSTAFSON, RICHARD LAYTON, KAREN LAYTON and ECLECTIC DEVELOPMENT CORPORATION, Intervenors**

CIV. NO. 34/1993,

CIV. NO. 1063/1992

Territorial Court for the Virgin Islands,

Division of St. Croix

March 7, 1995

3

Susan M. Skinner, Esq., CHRISTIANSTED, ST. CROIX, U.S. VIRGIN ISLANDS, *FOR THE ROACHES*

KURT OTTO, ESQ., Isherwood, Burton & Otto, P.C., Christiansted, St. Croix, U.S. Virgin Islands, *the Intervenors*

NANCY V. YOUNG, ESQ., Christiansted, St. Croix, U.S. Virgin Islands, *for Freeland Trust*

CABRET, *Judge*

## MEMORANDUM OPINION

(March 1, 1995)

All parties in this case have filed Motions for Relief From Judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) and/or 60(b)(6).[1] The judgment at which the motions are directed is Judge Finch's denial of summary judgment in a September 13, 1993 Memorandum Opinion. Summary judgment was denied for lack of evidence to support either parties' contention as to the facts. Thus, a genuine issue of material fact was found to exist. The Roaches base their present motion on the assertion that "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial" has been uncovered, Fed.R.Civ.P. 60(b)(2), and/or that there exists some "other reason justifying relief from the operation of the judgment". Fed.R.Civ.P. 60(b)(6). Freeland Trust and the Intervenors have jointly opposed this motion and filed a countermotion for relief from judgment, also based upon the discovery of new evidence. This motion was also denominated

---

[1] The Court need not address the Roaches corresponding request that this Court enter an Order requesting that the Appellate Division of the District Court of the Virgin Islands partially remand this matter for the limited purpose of allowing this Court to resume jurisdiction over the present motion for relief from judgment as the appeal which the Roaches had filed has been withdrawn.

4

a renewal of Freeland Trust's and the Intervenor's joint motion for summary judgment, which the Roaches have opposed.

For the reasons stated herein, both motions for relief from judgment will be denied and the Freeland Trust/Intervenor's motion for summary judgment will granted.

## THE MOTIONS FOR RELIEF FROM JUDGMENT

At the outset, the Court notes that Rule 60 of the Federal Rules of Civil Procedure states that the Court may "relieve a party ... from a *final* judgment, order or proceeding for the following reasons ...", Fed.R.Civ.P. 60(b) (emphasis added), two of which are implicated here. Judge Finch's order *denying* summary judgment to both parties was not dispositive of the litigation and is therefore, not a final order.[2] *Remington Prod., Inc. v. No. American Philips, Corp. et al.,* 755 F. Supp. 52 (D.Conn. 1991). The *Remington Products* court held that

> Rule 60(b) applies only to final determinations and not to interlocutory orders. *Fennell v. TLB Kent Co.,* 865 F.2d 498, 501 (2d Cir. 1989); (citations omitted). The ... order denying defendant's motion for summary judgment was interlocutory rather than final. *See Pacific Union Conference of Seventh-Day Adventists v. Marshall,* 434 U.S. 1305, 1306, 98 S. Ct. 2, 54 L. Ed. 2d 17 (1977).

*Remington Products,* at 54. Accordingly, this Court finds that neither the Roach motion nor Freeland Trust/Intervenor motion was properly brought as a Rule 60(b) motion.

 Motions such as the ones at bar could have been filed within ten days of the decision as motions for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), or later, as the new evidence was discovered, as renewed motions for summary judgment if the now abandoned appeal had not been filed. Movants' attempts to cloak these motions as ones seeking relief from a final judgment pursuant to Federal Rule of Civil Procedure

---

[2] All parties were free at that point in the litigation to attempt to resolve the factual issue which the Court found precluded entry of judgment and file renewed motions for summary judgment at a later time. No rights had been conclusively foreclosed nor had any judgment been entered for or against any party. The parties had merely been informed that the Court did not agree that all factual issues had been resolved and that all that remained was the application of the law.

60(b) cannot bestow upon this Court the power to entertain them. Accordingly, both motions for relief from judgment must be denied.

## RENEWAL OF SUMMARY JUDGMENT MOTION

The original motions and cross motions for summary judgment were denied by Judge Finch in a well reasoned and comprehensive memorandum opinion. That opinion clearly set forth the relevant facts and the pertinent law. The lengthy and detailed recitation of the facts set forth in that opinion can be summarized as follows.

The Roaches are the owners of Plot # 51 Boetzberg, which they took by warranty deed from Victor C. Gomez on December 1, 1987. The deed contains restrictive covenants, which preclude the Roaches' intended use for the property, the enforceability of which are the subject of this dispute. These covenants were originally placed in the deed by the West Indies Investment Company. The Intervenors and Freeland Trust maintain that the covenants were intended to run with the land and as property owners whose chain of title is traceable to the same original grantor, they have a legal right to ask the court to enforce the covenants and prevent the Roaches from utilizing their property contrary to the restrictions. The Roaches contend that their opponents have no standing to seek injunctive relief because their properties are in a separate subdivision, there was no general scheme of development and the covenants were personal to the grantor and are or were enforceable only by that grantor. After much procedural wrangling and discovery, the aforementioned summary judgment motions were filed.

Judge Finch found that a dispute regarding a factual precluded the entry of summary judgment. The narrow basis for his decision was the lack of evidence as to the intention of the original grantor relative to the restrictive covenants. He declined to grant summary judgment solely due to lack of evidence regarding what was termed the "pivotal question" of intent of the grantor with respect to whether the restrictive covenants placed in the Roach's deed were meant to run with the land.[3]

---

[3] Because Judge Finch denied summary judgment on the narrow ground of lack of evidence as to the intent of the original covenanting parties, he found it unnecessary to reach the other issues raised by the parties, namely, the existence of a common scheme of development and the standing of the Intervenors/Freeland Trust to enforce the covenants. *See* Judge Finch's Memorandum Opinion, Page 13, note 6.

Judge Finch's denial of summary judgment was based on his review and consideration of the relevant deeds and affidavits of current and past property owners. However, further representation from all sides was found to be necessary. Submitted to the Court in support of the present motions are such further representations, though the parties differ on what such representations mean.

The Roaches assert that they have discovered that "none of the original covenanting parties to the deeds in issue either existed or could be located within the Court's jurisdiction or otherwise, except for the two (2) original grantees/parties whose representations were already made a part of this record through the filing of their respective Affidavits." Roaches Memorandum of Law in Support for Relief from Judgment, p. 4. They maintain that the one obstacle which the Court had to entry of summary judgment has been eliminated. This position is clearly without merit for two reasons. First, the denial of summary judgment clearly stated that because there existed a genuine issue as to the very material fact of intent, the other issues need not be reached. Therefore, those issues must still be addressed. Secondly, the assertion that no information exists does not necessarily require the Court to rule in the favor of the party making that assertion.

Interestingly, the Intervenors/Freeland Trust, in their joint motion opposing the Roach's Motion for Relief From Judgment and renewing their own motion for summary judgment, present just the type of evidentiary representation Judge Finch found lacking in the parties' previous motions for summary judgment. Included with that motion is the affidavit of Sidney Lee, the president of West Indies Investment Co. throughout the period that the lots in question were conveyed by that company. Mr. Lee avers that the

> covenants and restrictions were placed on the properties in order to entice people who wanted a residential neighborhood ... It was represented to the purchasers that the property would be encumbered for their benefit [and] it was intended that the homeowners be able to form together to enforce the covenants and restrictions.

Affidavit of Sidney Lee, PP4 & 5.

The law as expressed in Judge Finch's September 13, 1993 opinion makes clear that this expressed intent on the part of the grantor is conclusive as to the issue of intent.

7

Who may sue on or seek to enforce a restrictive covenant depends upon whether the covenant was made for the benefit of the one seeking to enforce it. *Neal v. Grapetree Bay Hotel, Inc.*, 8 V.I. 267 (D.C.V.I. 1971); 51 A.L.R. Restrictive Covenants — Who May Enforce, 556 at page 567. Determination of this issue turns upon the intent of the parties who made the original agreement, i.e., whether they intended by agreement to benefit the land held by the person seeking to enforce the agreement. *See Neal*, 8 V.I. at 276.

*Freeland Trust v. Roach*, Memorandum Opinion, September 13, 1993.

In opposing this affidavit, the Roaches strenuously argue that it is not new evidence and therefore cannot be considered for a Rule 60 motion. The Roaches opposition on this front is misplaced, however. Not only do they overlook the renewal of summary judgment aspect of their opponent's motion, but as previously stated, the motions were not properly characterized as Rule 60 motions at their inception. Moreover, the Intervenor/Freeland Trust motion was clearly labeled a renewed motion for summary judgment.[4] Whether or not the evidence could have been discovered by due diligence, or satisfies the other prongs of Rule 60 is, therefore, irrelevant.

The Roaches further argue that this affidavit is but one piece of evidence. While this is true, it is strong evidence which the Roaches fully admit they are unable to refute, as they have already asserted that they could locate none of the original grantors. The Roaches argue that summary judgment is not appropriate based on this evidence. The entry of summary judgment is provided for in Rule 56 of the Federal Rules of Civil Procedure. Section (c) of that rule states that a Court shall enter summary judgment where the record reveals no genuine issue of material fact and the sworn evidence entitles the movant to judgment as a matter of law. The moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Once this showing has been made, the burden shifts to the non-moving party to present affirmative evidence from which a jury might reasonably return a verdict in his or her favor. *Id.*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L. Ed. 2d 202, 106

---

[4] The renewed motion for summary judgment was filed some two months after the appeal was withdrawn. The appeal, therefore, has no effect on the procedural posture of the case.

8

S. Ct. 2505 (1986). In opposing a summary judgment motion, a party may not rest on his or her pleadings, bare assertions, or conclusory allegations, but must set forth specific facts by affidavit or other sworn evidence showing there is a genuine issue as to a material fact. *Celotex,* 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548. It is not the function of the Court to weigh the evidence in a summary judgment motion, but instead to accept the evidence of the non-moving party and draw all reasonable inferences in that party's favor. *Lempert v. Singer,* 26 V.I. 326, 766 F. Supp. 1356 (D.V.I. 1991).

 The unrefuted affidavit of Sidney Lee, considered in the absence of evidence to the contrary and read in conjunction with the affidavits already before the Court,[5] is conclusive as to the existence of any factual dispute as to the grantor's intent with regard to the enforceability of the covenants in the Roaches' deed. The fact that the Roaches admit that they are unable to find any evidence on the subject convinces the Court that there is no issue to send to a jury.

The bar to summary judgment identified by Judge Finch having been lifted in the Intervenors/Freeland Trust's favor, the Court must address the remaining, closely related, issues which the Roaches contend preclude judgment in their opponents' favor.

## THE STANDING AND COMMON SCHEME ISSUES

 The Roaches have contended from the inception of this suit that neither the Intervenors nor Freeland Trust have standing to enforce the restrictive covenants. It is the Roaches' contention that the West Indies Investment Company specifically reserved in itself the power to exclude and dispense with restrictions on any Boetzberg plot and as a result the covenants were under the personal control of that grantor. The other landowners, the Roaches' argument goes, are thus without power to enforce the covenants. As previously stated by Judge Finch, the intent of the original covenanting parties controls the outcome of this dispute also. (September 13, 1994 Memorandum Opinion, p. 11, citing *Neal v. Grapetree Beach Hotel, Inc.,* 8 V.I. 267 (D.V.I. 1971). It is more than

---

[5] The affidavit of Richard Boehm confirms Mr. Lee's statements in that he was a purchaser of one of the burdened plots in 1968 and states that he was assured that the development in which he was buying would remain a residential area as a result of the covenants.

9

clear from the Lee affidavit that the original grantor intended the neighboring property owners to benefit from and enjoy enforcement rights of the restrictive covenants thereby setting up a common scheme of development. Accordingly, the Court finds that the Intervenors and Freeland Trust, taking their properties through a chain of title which leads back to the common grantor, which intended all subsequent grantees to have enforcement powers, have standing to enforce the covenants found in all their deeds. *See generally*, 51 A.L.R. *Restrictive Covenants — Who May Enforce.*

## CONCLUSION

The Court has determined that the Intervenors and Freeland Trust have standing to enforce the restrictive covenants at issue in this case and that no genuine issues as to any material facts exists. Therefore, in accordance with applicable law and the original grantor's expressed intent as to the enforceability of the covenants contained in the deed in question, summary judgment shall enter for the Intervenors and Freeland Trust. Accordingly, the Roaches shall be permanently enjoined from developing their property at # 51 Estate Boetzberg in violation of the covenants contained in their deed.