# United States Court of Appeals for the Fifth Circuit

No. 24-30049
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2024

Lyle W. Cayce
Clerk

GARY DANIEL RODGERS,

*Plaintiff—Appellant*,

*versus*

JOHN BEL EDWARDS, *Louisiana Governor*; MAYOR OF NEW ROADS;
MAYOR OF WEST FELICIANA PARISH; MAYOR OF ST.
FRANCISVILLE; MAYOR OF THE CITY OF ANGOLA; DARREL
VANNOY, *Angola Head Warden*; UNKNOWN SMITH, *Assistant Warden*;
UNKNOWN WRIGHT, *Colonel*; UNKNOWN RAMSEY, *Shift Supervisor*;
UNKNOWN MANCHESTER, *Lieutenant*; UNKNOWN BONNETT,
*Lieutenant*; UNKNOWN KING; UNKNOWN SCOTT, *Master Sergeant*;
UNKNOWN DORNIER, *Sergeant*; UNKNOWN FRANKLIN, *Lieutenant*;
CAMP C OFFICERS AT THE TIME OF THE VIOLATION; JAMES M.
LEBLANC, *Secretary, Department of Public Safety and Corrections*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-233

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

No. 24-30049

Per Curiam:[*]

Gary Daniel Rodgers, Louisiana prisoner # 700016, filed a 42 U.S.C. § 1983 civil rights complaint, raising claims stemming from an incident in which he was attacked by a fellow inmate as he was being relocated to another cell. The district court dismissed all of Rodgers's claims for failure to state a claim on which relief can be granted and as frivolous, with the exception of a claim against defendant Dornier in his individual capacity for monetary damages for failure to intervene. After further proceedings, the district court granted Dornier's motion for summary judgment on the failure-to-intervene claim, and it denied Rodgers's summary judgement motion. Rodgers now moves for authorization to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Rodgers asserts that the district court's summary judgment dismissal of the failure-to-intervene claim was premature and erroneous because there was a disputed issue of material fact. However, as Rodgers fails to identify the disputed factual issue, his argument is deemed abandoned. *See Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). To the extent Rodgers asserts error in the district court's denial of his summary judgment motion, the issue is not appealable. *See Pac. Union Conf. of Seventh-Day Adventists v. Marshall*, 434 U.S. 1305, 1306 (1977).

As to Rodgers's constitutional claims against the other defendants, the district court determined that they were subject to dismissal because his allegations did not establish the personal involvement of the defendants. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). The conclusory briefing

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

provided by Rodgers on this point, without citations to the record or reference to any relevant legal authorities, is inadequate, and Rodgers has therefore effectively abandoned any argument challenging the dismissal of these claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993*).* To the extent Rodgers asserts error in the dismissal of his claims for punitive damages, injunctive relief, and declaratory relief, his briefing is likewise inadequate. *See id.*

Rodgers additionally complains regarding the magistrate judge's denial of his motions for discovery and for the appointment of counsel. However, because he did not appeal the magistrate judge's rulings on these pretrial matters to the district court, we lack jurisdiction. *See Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987); Fed. R. Civ. P. 72(a).

Finally, Rodgers raises an argument in which he seemingly asserts that he pleaded a viable claim because he alleged that Dornier violated prison policy. However, a defendant's failure to follow prison policy "does not, itself, result in a constitutional violation." *Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Rodgers's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See* 5th Cir. R. 42.2.

The dismissal of the instant appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Rodgers is CAUTIONED that, once he accumulates three strikes, he may not appeal IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).