# United States Court of Appeals
## For the First Circuit

Nos. 03-2520, 04-1169

MILTON NIEVES-LUCIANO; GERARDINA RIVERA-GALVAN;
SHAWN NIEVES-RIVERA; RICHARD NIEVES-RIVERA; JOANNE NIEVES-RIVERA,

Plaintiffs, Appellants,

v.

RAMÓN HERNÁNDEZ-TORRES, In His Personal Capacity and as Mayor of
the Municipality of Juana Díaz; MUNICIPALITY OF JUANA DÍAZ,

Defendants/Third-Party Plaintiffs, Appellees,

v.

SANTIAGO MARTÍNEZ-IRIZARRY

Third-Party Defendant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Justo Arenas, U.S. Magistrate Judge]

Before

Lynch, Lipez, and Howard, Circuit Judges.

Fredeswin Perez Caballero, with whom Jesus Hernandez-Sanchez
and Hernandez Sanchez Law Firm were on brief, for appellants.
    Johanna M. Emmanuelli Huertas, with whom Gina Ismalia
Gutiérrez-Galang and Law Office Pedro E. Ortiz Alvarez, were on
brief, for appellees.

January 28, 2005

**HOWARD**, <u>**Circuit Judge**</u>.    Milton Nieves-Luciano and his wife and children (collectively "appellants") sued the Municipality of Juana Díaz and its mayor, Ramón Hernández-Torres, (collectively "appellees") for terminating Nieves' public employment on account of his political affiliation.   In so far as relevant to this appeal, the complaint alleged violations of the First Amendment and the Fourteenth Amendment's due process clause.   After discovery, the district court awarded appellees summary judgment.   We affirm.

Nieves is a member of the New Progressive Party ("NPP"). He was hired by the Municipality of Juana Díaz in July 1994 under a professional services contract.   In 1997, the then mayor of Juana Díaz created the position of Director of Data Processing.   This position was identified as a trust position, meaning that its occupant could be terminated at will and without cause.   The Director of Data Processing was primarily responsible for implementing and managing a computerized accounting system for the municipality.   Nieves was appointed to the position in August 1997.

From 1993 through late 2000, the NPP controlled the Juana Díaz municipal government.   In November 2000, however, power changed hands as Hernández-Torres, a member of the Popular Democratic Party ("PDP"), was elected mayor.   On April 11, 2001, Nieves received notice that his appointment as Data Processing Director would be terminated immediately.   The letter did not provide Nieves with a reason for the termination other than to

-2-

state that, because Nieves occupied a trust position, his employment could be terminated at any time.

Subsequently, appellees explained that they terminated Nieves' employment because his position was unnecessary and was created in violation of municipal law. According to appellees, every municipality in Puerto Rico was required to participate in a central accounting system operated by the Office of the Commission for Municipal Affairs (the "OCAM system"). After the PDP assumed power, the new government reviewed the utility of several municipal positions. As part of this review, the government determined that the Director of Data Processing position was duplicative because the OCAM system already provided a mandatory accounting system that contained essentially the same features as the local system that Nieves had been overseeing. Appellants brought the underlying lawsuit to assert that this rationale was a sham and that Nieves was terminated on account of his NPP membership.

At the conclusion of discovery, appellees moved for summary judgment on Nieves' First Amendment and due process claims. The district court granted the motion on the due process claim because appellants had not produced evidence that Nieves had a property interest in his employment.[1] The court, however, rejected appellees' challenge on the political discrimination claim on the ground that there were disputed material facts concerning the true

_____

[1]This ruling is not challenged on appeal.

-3-

reason for the termination.  Specifically, the court stated that there were disputes concerning whether the local system was duplicative of the OCAM system, whether Nieves was replaced as the Director of Data Processing by PDP members, and whether the position was initially created in violation of municipal law.[2]

A month after the district court's ruling, appellees moved for reconsideration of the denial of their motions for summary judgment on the First Amendment claim.  On reconsideration, the district court determined that appellants' original summary judgment opposition did not comply with D.P.R. Local R. 311.12 because their counter-statement of facts did not contain record citations.[3]  The court also ruled that Nieves' affidavit, which stated that he had been replaced by PDP members and that Hernández-Torres had said that he wanted to "clean the house of NPP employees," was inadmissible because it was not based on personal knowledge.  As a result, the court granted appellees summary judgment on the ground that there was no evidence from which a jury could conclude that Nieves' termination was at least partially motivated by his political affiliation.

---

[2]Because of these disputed facts, the district court also rejected Hernández-Torres' claim that he was entitled to summary judgment on qualified immunity grounds.

[3]In April 2004, this Rule was recodified as D.P.R. Local R. 56(c).

After the entry of judgment, appellants filed a Fed. R. Civ. P. 60(b)(2) motion seeking relief from judgment because of a newly acquired affidavit from one of Nieves' coworkers. The affidavit stated that the affiant had heard Hernández-Torres say that he "would clean the house of NPP employees." The court denied appellants Rule 60(b)(2) relief on the ground that the affidavit was "not newly discovered evidence" within the meaning of the Rule. This appeal, challenging the summary judgment ruling and the denial of the motion for relief under Rule 60(b)(2), followed.

We review the district court's grant of summary judgment de novo, viewing the record in the light most hospitable to the party opposing summary judgment. See Padilla-García v. Guillermo Rodríguez, 212 F.3d 69, 73 (1st Cir. 2000). Summary judgment is only appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

Before proceeding to the merits, we dispose of a threshold issue that appellants call "jurisdictional." Appellants contend that the district court was without power to reconsider its initial denial of summary judgment on the political discrimination claim because appellees did not move for reconsideration within ten days as required by Fed. R. Civ. P. 59(e). The argument is meritless.

Rule 59(e) provides a party with ten days to move to alter or amend a judgment, and the district court may not enlarge the time frame.  See Feinstein v. Moses, 951 F.2d 16, 19 (1st Cir. 1991).   But Rule 59(e) does not apply to motions for reconsideration of interlocutory orders from which no immediate appeal may be taken, see United States v. Martin, 226 F.3d 1042, 1048 (9th Cir. 2000), including summary judgment denials, see Pacific Union Conf. of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1306 (1977) (Rehnquist, J., in chambers).   Interlocutory orders such as these "remain open to trial court reconsideration" until the entry of judgment.   Geffon v. Micrion Corp., 249 F.3d 29, 38 (1st Cir. 2001) (quoting Pérez v. Crespo-Guillén, 25 F.3d 40, 42 (1st Cir. 1994)).  Thus, the district court could reconsider its initial summary judgment ruling even though appellees did not seek reconsideration within ten days of the ruling.

We turn now to appellants' challenge to the correctness of the summary judgment ruling.  When alleging a claim of political discrimination, a plaintiff bears the burden of producing sufficient evidence, whether direct or circumstantial, that he engaged in constitutionally protected conduct and that political affiliation was a substantial or motivating factor behind the challenged employment action.  See Gonzalez-De-Blasini v. Family Dept., 377 F.3d 81, 85 (1st Cir. 2004).   The plaintiff must identify evidence which, if believed, would permit a factfinder to

conclude that the challenged employment action stemmed from politically based animus.  See LaRoue v. Ridlon, 98 F.3d 659, 661 (1st Cir. 1996).

The district court ruled that appellants had failed to identify evidence which could support a conclusion that Nieves was fired because of his NPP membership.  Even if we were to credit appellants' inadequately supported counter-statement of facts (which the district court declined to do), we see no error in this judgment.

Appellants argue that there was a material dispute over whether the local accounting system was actually duplicative of the OCAM system and that this dispute warranted a trial on the First Amendment claim.  In support of this argument, appellants point to a single sentence in the deposition testimony from an OCAM employee in which she suggested that, at one point, the local system provided a printing feature not available through the OCAM system. Shortly after so testifying, however, the employee clarified that the OCAM system was later updated to provide the same feature, making the systems duplicative.  This clarification refutes appellants' argument that there was a genuine dispute over whether the local accounting system was duplicative of the OCAM system.[4]

---

[4]Appellants also assert that there was a material dispute over whether the Data Processing Director position was initially created in violation of municipal personnel law.  We fail to see the materiality of this alleged dispute.  Even if we assumed that the position was properly created at its inception, this would not

Appellants next contend that two statements in Nieves' affidavit were sufficient to establish a genuine issue of material fact as to whether discriminatory animus prompted Nieves' termination. The first statement identified PDP members whom (Nieves claims) replaced him as the Director of Data Processing. Appellees contend that Nieves was not replaced because the position was eliminated. The second statement recited an alleged comment by Hernández-Torres that he planned to "clean the house of NPP employees." The district court treated these statements as inadmissible because there was no indication that they were based on personal knowledge as is required by Fed. R. Civ. P. 56(e).

For purposes of summary judgment, an allegation in an affidavit must be based on personal knowledge and show affirmatively that the affiant is competent to testify to the matters stated therein. See López-Carrasquillo v. Rubianes, 230 F.3d 409, 414 (1st Cir. 2000). Nieves' statements do not meet this requirement. If Nieves had been replaced, presumably the replacements did not begin work until after Nieves' employment had ended. Without further foundation, we cannot assume that Nieves had personal knowledge of whether he was replaced and, if so, the identity and political affiliations of the replacements. See Perez

undermine appellees' primary explanation for terminating Nieves, i.e., that the Data Processing Director position was duplicative. In any event, appellants have not identified record evidence that the Data Processing Director position was in fact lawfully created in 1997.

-8-

v. <u>Volvo Car Corp.</u>, 247 F.3d 303, 316 (1st Cir. 2001) (stating that an affidavit attesting to facts that took place before the affiant joined his employer are not based on the affiant's personal knowledge). Similarly, there are no foundational facts indicating that Nieves personally heard Hernández-Torres say that he planned to "clean the house of NPP employees."[5]

Finally, appellants contend that appellees' failure to state the reason for Nieves' termination in the dismissal letter suggests impermissible motive because it shows that appellees' stated reasons for the termination were <u>post</u> <u>hoc</u> justifications. We fail to see any logic in the inference that appellants would have us draw. No reasonable fact finder could conclude, in these circumstances, that the absence of a contemporaneous explanation in Nieves' dismissal letter was proof of discrimination. Such a conclusion would be the product of unsubstantiated speculation which, of course, can never defeat a properly supported summary judgment motion.[6] <u>See, e.g.</u>, <u>Poulis-Minott</u> v. <u>Smith</u>, 388 F.3d 354, 366-67 (1st Cir. 2004).

In sum, appellants did not identify competent evidence showing political animus. Nor did they identify evidence

---

[5]At oral argument, appellants' counsel conceded that Nieves did not actually hear Hernández-Torres make this comment.

[6]In any event, Nieves was not entitled to an explanation for his termination because his employment was terminable at will and without cause.

disputing appellees' claim that Nieves was terminated because the Director of Data Processing position was duplicative.  Appellants therefore failed to meet their initial burden of showing that political affiliation was the substantial or motivating cause of Nieves' termination.  The district court correctly entered summary judgment on the political discrimination claim.  See Angulo-Alvarez v. Aponte de La Torre, 170 F.3d 246, 250 (1st Cir. 1999).[7]

**Affirmed**.

---

[7]As noted above, appellants also challenge the district court's Fed. R. Civ. P. 60(b)(2) ruling that the proffered affidavit from Nieves' coworker (stating that she had heard Hernández-Torres say that he planned to "clean the house of NPP employees") was not newly discovered evidence.  Relief from judgment under Rule 60(b) is "extraordinary in nature" and "should be granted sparingly."  See Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002).  Among other requirements, the moving party must show that the new evidence would likely change the result of the proceeding.  See United States Steel, Co. v. M. DeMatteo Constr. Co., 315 F.3d 43, 52 (1st Cir. 2002). Here, even if the affidavit had been considered, it would have made no difference. A generalized statement that the mayor intended to "clean house" of opposition party members would be insufficient to satisfy appellants' summary judgment burden.  See Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 8 (1st Cir. 2000).