Not for Publication in West's Federal Reporter.

# United States Court of Appeals
# For the First Circuit

No. 06-1281

RAFAEL BALAGUER-SANTIAGO; NIMIA ORTIZ-ALICEA;
CONJUGAL PARTNERSHIP BALAGUER-ORTIZ; JOSÉ A. IRIZARRY-TORO;
SYLVIA ESPINOSA-MARTÍNEZ; CONJUGAL PARTNERSHIP
IRIZARRY-ESPINOSA; FÉLIX CASIANO-MERCADO;
RAMONITA RODRÍGUEZ-CANCEL; CONJUGAL PARTNERSHIP
CASIANO-RODRÍGUEZ; IVETTE MALDONADO-VÁZQUEZ;
ABIEZER DÍAZ-BERRIOS; CONJUGAL PARTNERSHIP OF DÍAZ-MALDONADO;
IGNACIO ECHEVARRÍA-ALMONDÓVAR; ÁNGELA VALENTÍN-SOTO;
CONJUGAL PARTNERSHIP ECHEVARRÍA-VALENTÍN;
MARIBEL RIVER-SANTIAGO; JOSÉ NELSON REYES CRUZ;
CONJUGAL PARTNERSHIP REYES-RIVERA; JOSÉ COLLAZO-GONZÁLEZ;
JORGE MALDONADO-GONZÁLEZ,

Plaintiffs, Appellants,

v.

ILEANA ECHEGOYEN, in her personal capacity and in her official
capacity as Secretary of Housing of the Commonwealth of
Puerto Rico; JULIA TORRES HERNANDEZ, in her personal capacity
and in her official capacity as Executive Director of the
Housing Development and Improvements Administration (ADMV);
ARLENE RIVERA-RIVERA, in her personal capacity and in her
official capacity as Deputy Assistant Secretary of Human
Resources  of the Commonwealth Department of Housing;
GIOVANY LLORENS-MERCADO, in his personal capacity and his
capacity as Director of the Mayagüez Regional Office of the
Department of Housing; LYDIA FERNANDEZ, in her personal capacity
and in her official capacity as Bayamón Regional Director
of ADMV; ESPERANZA MOLINA, in her personal capacity;
GONZALO GARCIA-CASIANO, in his personal capacity;
ANA YOLANDA GONZALES, in her personal capacity; JOHN DOES,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Howard, Circuit Judge,

Stahl and Baldock,* Senior Circuit Judges.

Valéry López Torres for appellants.
Zaira Z. Girón-Anadón, Assistant Solicitor General, Department of Justice, with whom Salvador J. Antonetti-Stutts, Solicitor General, Mariana D. Negrón-Vargas, Deputy Solicitor General and Maite Oronoz-Rodríguez, Deputy Solicitor General, were on brief, for appellees.

February 12, 2007

---

*Of the Tenth Circuit, Sitting by designation.

**Per Curiam**. Plaintiffs Rafael Balaguer, Jose Irizarry, Ignacio Echevarria, Felix Casiano, Jose Collazo, Maribel Rivera, Jorge Maldonado, and Ivette Maldonado brought this action under 42 U.S.C. § 1983 against defendant government officials Ileana Echegoyen, Julia Torres, Arlene Rivera, Giovanny Llorens, Gonzalo Garcia, Esperanza Molina, Lydia Fernandez, and Ana Yolanda Gonzalez, claiming that defendants violated their First and Fourteenth Amendment rights by discriminating against them on account of their political affiliation.[1] The district court granted summary judgment to the defendants, and plaintiffs appealed.

## I.

As we write primarily for the parties, we will recount only those facts essential to our analysis. In essence, plaintiffs, all current or former employees of the Housing Development and Improvement administration (HDIA), complain of their treatment following the change in government after the 2000 elections. Plaintiffs, who are members of the New Progressive Party ("NPP"), maintain that defendants, who are members of the Popular Democratic Party ("PDP"), took discriminatory actions against them based upon their political allegiance. As did the district court in considering their claims, we may group the

---

[1]Appellants focus upon their political discrimination claims rather than their due process claims on appeal.

plaintiffs into three categories. The first group, Rafael Balaguer, Felix Casiano, Ignacio Echevarria, and Jose Irizarry, contests the closing of the Guanica office and their transfer to the Mayaguez office ("Guanica plaintiffs"). The Guanica plaintiffs assert that defendants closed the Guanica office to unfairly deprive them of their supervisory functions. The second group, Maribel Rivera, Jorge Maldonado, and Jose Collazo, contests the termination of their irregular employment contracts ("contract plaintiffs").[2] The contract plaintiffs assert that the defendants failed to renew their contracts to punish them because of their allegiance to the NPP. Lastly, there is Ivette Maldonado, who claims to have been deprived of her normal duties, assigned to tasks for which she had no training, and harassed, all because of her NPP membership.

The district court concluded that none of the plaintiffs had established a prima facie case, largely based upon the lack of evidence that defendants were aware of plaintiffs' political affiliation and/or because plaintiffs could not link the disputed actions to political animus. The court also concluded that plaintiffs could not refute defendants' tendered nondiscriminatory

_____

[2]All three worked on temporary contracts of three to six months, with renewal contingent upon the agency's needs and available budget. Rivera and Maldonado's contracts expired in March 2002, while Collazo's contract expired in September 2001.

explanation that budgetary problems had prompted the challenged actions.

## II.

All plaintiffs claim that there was sufficient evidence to create a triable issue of defendants' motive for taking the disputed employment actions.

We review the granting of summary judgment de novo, assessing the record in the light most favorable to the nonmoving party. Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 3-4 (1st Cir. 2005). Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). In reviewing a summary judgment decision, "we do not consider conclusory allegations, improbable inferences, and unsupported speculation." Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 154 (1st Cir. 2006)(internal citation and quotation omitted).

To briefly recap the standards for establishing liability under § 1983, "plaintiffs must show by a preponderance of the evidence that: (1) the challenged conduct was attributable to a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States." Velez-Rivera, 437 F.3d at 151-52. There is no dispute that the First Amendment protects non-

policymaking public employees from adverse employment actions based upon their political views. Id. at 152.

"When alleging a claim of political discrimination, a plaintiff bears the burden of producing sufficient evidence, whether direct or circumstantial, that he engaged in constitutionally protected conduct and that political affiliation was a substantial or motivating factor behind the challenged employment action." Nieves-Luciano, 397 F.3d at 4. In general, a plaintiff must "make four showings to prove a case of political discrimination: (1) the plaintiff and the defendant belong to opposing political affiliations; (2) the defendant has knowledge of the plaintiff's opposing political affiliation; (3) there is a challenged employment action; and (4) sufficient evidence, whether direct or circumstantial, . . . that political affiliation was a substantial or motivating factor . . . ." Pequero-Moronta v. Santiago, 464 F.3d 29, 48 (1st Cir. 2006)(internal citation and quotation omitted). Once a plaintiff satisfies this initial burden, defendants must "demonstrate that (i) they would have taken the same action in any event; and (ii) they would have taken such action for reasons that are not unconstitutional." Velez-Rivera, 437 F.3d at 152 (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87 (1977)). If the defendant makes such a showing, the plaintiff may attempt to discredit the tendered

-6-

nondiscriminatory reason with either direct or circumstantial evidence.  <u>Velez-Rivera</u>, 437 F.3d at 153.

<u>Guanica Plaintiffs</u>

The Guanica plaintiffs argue that the Guanica office was closed to punish them for their political allegiance and deprive them (particularly Balaguer) of their supervisory responsibilities. Guanica plaintiffs further contend that defendants' explanation for the closure is unsupported by the evidence.  Even giving the Guanica plaintiffs the benefit of the doubt on their prima facie case, they have failed to overcome the defendants' defense that they closed the office for a nondiscriminatory reason.

Defendants asserted that the closing of the Guanica office was brought about solely by budgetary concerns, and offered the following facts in support of their position:  (1) HDIA  faced a 7% budget decrease; (2) defendants decided to close certain local offices to consolidate services in the regional offices and reduce operating expenses; (3) four local offices (including Guanica) were closed and their employees transferred to the appropriate regional office; (4) each of the closed local offices had employees belonging to both political parties; and (5) the Guanica office is closed and no employee, of either party, reports to work there.

To counter these facts, the Guanica plaintiffs first offer some ambiguous comments by Secretary Echegoyen about whether she was specifically notified of and participated in the decision

to close the offices, or just generally advised about the need to economize because of the budget reduction. This quibbling does not undermine the underlying explanation by defendants. Second, plaintiffs state, without elaboration, that three PDP members still work in the town of Guanica. This fact is of little value to their case, given that plaintiffs concede that the Guanica HDIA office is no longer operating, and that no one reports there. Third, plaintiffs argue that no "formal study" was done to evaluate the advantages and disadvantages of closing the Guanica office. However, the defendants maintain that the viability of the various offices, if not formally studied, was fully considered, and the Guanica plaintiffs do not meaningfully contest this. On this record, the Guanica plaintiffs have failed to show a material dispute concerning defendants' tendered explanation for closing the Guanica office. Contrast Padilla-Garcia v. Guillermo Rodriguez, 212 F.3d 69, 78 (1st Cir. 2000) (that only plaintiff impacted by "restructuring" of department casts doubt on defendant's explanation).

Contract Plaintiffs

The contract plaintiffs maintain that their irregular contracts were not renewed solely to punish them for their political allegiance. While conceding that they were renewed on multiple occasions after the elections, the contract plaintiffs maintain that defendants eventually saw an opportunity to remove

them based upon their political views. They also claim that defendants' stated justification - a lack of funds - was mere pretext, as the plaintiffs were replaced by members of the PDP. As with the Guanica plaintiffs, we conclude that summary judgment was properly granted.

We begin with the contract plaintiffs' prima facie cases. The record reveals little evidence that the relevant decision-makers were aware of the contract plaintiffs' political affiliation. In essence, the contract plaintiffs, all low level functionaries, claim that the various defendants "must have known" them because they worked at the agency, "must have known" their political affiliation because the defendants could have investigated it and found out, and "must have discriminated" against them because their contracts were not renewed. These assertions are inadequate to state a prima facie case however, for, as we noted in Mercado-Alicea v. P.R. Tourism Co., 396 F.3d 46, 52 (1st Cir. 2005), merely juxtaposing the decision-maker's politics against an adverse employment decision is insufficient to support a claim of political discrimination.

Moreover, the contract plaintiffs have failed to cast any doubt on the defendants' Mt. Healthy defense. We begin with plaintiff Collazo, who conceded at his deposition that he was based in Guanica as a title searcher, that the Guanica office did not employ a title searcher after his departure, and that the Guanica

office was closed very shortly after his contract was not renewed. In light of these concessions, it is difficult to see pretext in defendants' explanation that his contract was not renewed for budgetary reasons. Moreover, his contention that other title searchers were hired "island wide" does not address the relevant question: whether his contract services were needed in Guanica. Plaintiff Maldonado's claim that he was replaced also fails, as he conceded at his deposition that no one filled his position after he was terminated. As to plaintiff Rivera, she claims that, after her termination, she was temporarily replaced by two employees from another office and that defendant Lydia Fernandez's cousin (who Rivera surmises belongs to the PDP) was placed in Rivera's old position (with the same title and salary) by the end of the year. Neither claim holds up under scrutiny. First, that two current employees were temporarily transferred to perform Rivera's duties, as opposed to a new hire, does not by itself refute the defendants' budgetary shortfall explanation. Second, as to the employment of defendant Fernandez's cousin, Rivera relies largely on Fernandez's answer to an interrogatory, in which she states that her cousin did start to work in the office, but the interrogatory answer says nothing about the employee's title or duties, and moreover it asserts that the cousin's contract was separately funded. That evidence does not support Rivera's assertion of a material factual dispute.

<u>Ivette Maldonado</u>

Lastly, plaintiff Maldonado argues that she established her prima facie case, but presents no challenge to the district court's acceptance of defendants' <u>Mt. Healthy</u> defense. Thus, Maldonado has abandoned any challenge to the district court's conclusion. <u>See</u> <u>In re Miles</u>, 436 F.3d 291, 294 (1st Cir. 2006)(failure to challenge district court's reasonable rationale is fatal to an appeal); <u>Horizon Bank & Trust Co.</u> v. <u>Massachusetts</u>, 391 F.3d 48, 53 (1st Cir. 2004)(failure to appeal both of district court's alternative grounds for result moots the appeal because reviewing court can give no effective relief).

**<u>Affirmed.</u>**