**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2752
_____

MIRTECH, INC.; DR. NAZIR MIR,

Appellants

v.

AGROFRESH, INC.

_____

On Appeal from the United States District Court
for the District of Delaware
(Case No. 1-20-cv-01170)
District Judge: Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2024

Before: KRAUSE, RESTREPO, and MATEY, *Circuit Judges*

(Filed: August 22, 2024)
_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

MirTech, Inc. and Dr. Nazir Mir (collectively the "Mir Parties") appeal the denial of their Motion to Alter or Amend the July 11, 2023, order of the District Court denying their prior motion (DC ECF 130), which bore the title "Motion and Incorporated Memorandum of Law to Dismiss," advancing numerous arguments. Because the notice of appeal was untimely, we lack appellate jurisdiction and must dismiss.

## I

The history of this litigation is long and tangled, beginning with an earlier lawsuit between the same parties stemming from the dissolution of their business relationship. *See AgroFresh Inc. v. MirTech, Inc.*, 257 F. Supp. 3d 643 (D. Del. 2017). Because we write only for the parties, we presume familiarity with this voluminous history and will discuss only the facts necessary to our analysis.[1]

The initial lawsuit between the parties was resolved by a private settlement agreement (the "Settlement Agreement") and the entry of a Final Consent Judgment. The Mir Parties filed the instant case on September 2, 2020, seeking, among other things, a declaratory judgment that the Settlement Agreement was unenforceable. Defendant-Appellee AgroFresh, Inc. ("AgroFresh"), in turn, asserted five counterclaims: breach of the Settlement Agreement (Count III), execution on a money judgment (Count I), enforcement of judgment for a specific act (Count II), declaratory judgment (Count IV), and attorneys'

---

[1]    The following recitation of procedural history is not exhaustive—certain motions, orders, and other details are omitted insofar as they do not figure into the jurisdictional analysis.

2

fees (Count V). The Mir Parties subsequently amended their Complaint, adding affirmative claims for damages. All parties then filed cross-motions to dismiss each of the pending claims and counterclaims.

In an order and memorandum opinion dated September 21, 2021, the District Court granted AgroFresh's motion to dismiss each of the Mir Parties' claims and denied the Mir Parties' motion to dismiss AgroFresh's counterclaims. The Mir Parties declined to amend their Complaint, leaving only AgroFresh's five counterclaims active in the case. Following discovery, Counts I and IV were resolved when the Mir Parties made payment of the amount sought, leaving Counts II, III, and V as the only active claims. Count II was subsequently dismissed voluntarily upon a motion by AgroFresh, leaving only Counts III and V.

AgroFresh filed a motion for summary judgment as to those two remaining claims, the outcome of which prompted several reconsideration motions. When the dust finally settled after this sequence, the District Court had granted partial summary judgment in favor of AgroFresh, but only as to a specific portion of its Count III, and denied summary judgment as to the remainder of Count III and Count V in its entirety. This left the remaining portion of Count III and Count V as the only active, unresolved, claims.

On June 13, 2023, the Mir Parties filed a document entitled "Motion and Incorporated Memorandum of Law to Dismiss for Lack of Subject Matter Jurisdiction" at DC ECF 130, which requested as relief only that the court "GRANT [the Mir Parties']

Motion to Dismiss the Counterclaims of AgroFresh for Lack of Subject Matter Jurisdiction" but also stated in the argument section that the Court was "obliged to alter or amend" its prior opinion issued at DC ECF 108, which had granted partial summary judgment in favor of AgroFresh on a portion of Count III. App. 831 (emphasis omitted). Three days later, on June 16, AgroFresh filed a motion to voluntarily dismiss the unresolved portion of Count III at DC ECF 134.

On July 11, the District Court issued an opinion and order in response to AgroFresh's motion (DC ECF 134) at DC ECF 143-44, dismissing the remaining portion of Count III with prejudice. Following the issuance of this order, the only unresolved claim was Count V seeking attorneys' fees that AgroFresh alleged it was owed under the Settlement Agreement.

Subsequently, and also on July 11, the District Court issued a memorandum order at DC ECF 145 denying the Mir Parties' motion at DC ECF 130. In its memorandum, the District Court held that the motion was moot as to Counts I through IV, which were previously resolved, and lacking in merit with respect to Count V, explaining that "the resolution of most of the disputes between the parties" did not "mean that the case [was] moot." App. 58.

In response to the Court's Memorandum Order, the Mir Parties filed the aforementioned "Motion and Incorporated Memorandum of Law to Alter or Amend the Memorandum Order" on July 14, 2023. *See* App. 895–908. This motion explicitly sought

4

amendment or alteration of the Court's Memorandum Order at DC ECF 145, citing that docket entry, and no others, in its formal title, its first paragraph, the first paragraph of its introduction, and citing that docket entry along with DC ECF 130, (the Mir Parties' motion upon which it ruled), in the request for relief section. App. 900, 908. The motion did not make any reference, explicit or otherwise, to DC ECF 143-44 (the Court's opinion and order dismissing the remaining portion of Count III), DC ECF 134 (AgroFresh's motion to dismiss upon which DC ECF 144 was based), or any other motion, order, or opinion. On August 25, 2023, the District Court denied the motion to alter or amend (DC ECF 146) with a memorandum order issued at DC ECF 162.

On July 25, 2023, the parties filed opposing motions for determination of prevailing party status, which are relevant only to AgroFresh's counterclaim Count V for attorneys' fees. The District Court has yet to rule on either motion.

On September 21, 2023, the Mir Parties filed a Notice of Appeal at DC ECF 165 which identified the August 25, 2023, Memorandum Order (DC ECF 162) as the final judgment and sought appeal of that order and all other orders issued prior or subsequent to it.

## II

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that, barring certain exceptions, the notice of appeal must be filed within 30 days of the entry of an appealable

final judgment. Because this rule is jurisdictional in nature, we are required to dismiss any appeal that was not timely filed. *See Bowles v. Russell*, 551 U.S. 205, 209 (2007)).

The pendency of an unresolved request for attorneys' fees does not toll the time for filing the notice of appeal. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988). The parties here are in agreement that the only unresolved issue in the case is such a request and that the final appealable judgment in this case was filed sometime in July or August of 2023. *See* ECF 15 at 2 (Mir Parties' Response), ECF 19 at 8-9 (AgroFresh's Response).

Crucially, however, the parties disagree as to exactly which order constitutes the final appealable judgment. AgroFresh argues that it was DC ECF 144, the District Court's July 11 order granting the motion to dismiss the unresolved portions of Count III. *See, e.g.* ECF 19 at 8. The Mir Parties argue that it was DC ECF 162, the Court's August 25 order denying the motion to alter or amend DC ECF 145 and the denial of their motion filed at DC ECF 130. *See, e.g.* ECF 15 at 2. This dispute is ultimately dispositive of the appellate jurisdiction issue. If AgroFresh is correct that the final judgment was filed on July 11, and the deadline to file a notice of appeal was not otherwise tolled, then the September 21 notice was untimely. If, however, the final judgment was filed on August 25, the deadline would have been September 24, 2023, and the notice was been timely filed.

As a starting point, a final appealable judgment is one that "conclusively determines the rights of parties to the litigation, leaving 'nothing for the court to do but execute the judgment.'" *United States v. Sciarra*, 851 F.2d 621, 627 (3d Cir. 1988) (quoting *Coopers*

6

*& Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)); *see also* 28 U.S.C. § 1291; Fed. R. Civ. P. 54. Here, the District Court's July 11 order dismissing the unresolved portions of Count III did just that—it resolved the only remaining open claim apart from Count V, AgroFresh's counterclaim for attorneys' fees, and as we have already established, "an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Budinich*, 486 U.S. at 202.

The Mir Parties argue, however, that their sequence of motions filed at DC ECF 130 and 146, the previously discussed "Motion and Incorporated Memorandum of Law to Dismiss for Lack of Subject Matter Jurisdiction" and "Motion and Incorporated Memorandum of Law to Alter or Amend the Memorandum Order," tolled the deadline to file an appeal. It is true that, under Federal Rule of Appellate Procedure 4(a)(4)(A), timely filing certain post-judgment motions does toll the time to file the notice of appeal. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Despite that fact, however, the Mir Parties' argument fails.

First, "[t]he denial of a motion to dismiss for lack of subject matter jurisdiction is not appealable." *Harrison v. Nissan Motor Corp. in U.S.A.*, 111 F.3d 343, 347 (3d Cir. 1997) (citing *Pennsylvania v. Brown*, 373 F.2d 771 (3d Cir. 1967)). As previously discussed, the Mir Parties' motion at DC ECF 130 was titled "Motion and Incorporated Memorandum of Law to Dismiss for Lack of Subject Matter Jurisdiction," and the only relief it explicitly requested was to dismiss the counterclaims on jurisdictional grounds.

7

Further, the apparent gravamen of the motion was that developments in the litigation and statements made by AgroFresh's counsel had made clear that there was no case or controversy before the court, requiring dismissal for lack of constitutional jurisdiction. The Mir Parties subsequent motion at DC ECF 146 lends additional support to this reading of DC ECF 130—it explicitly reiterates in both its argument and conclusion sections that, in denying DC ECF 130, the Court had "patently misunderstood" its argument, which lead to the conclusion that "there is no 'actual case and controversy' which deprives the Court of subject matter jurisdiction." App. 902–04, 907.

To avoid this dead end, the Mir Parties now attempt to characterize DC ECF 130 as simultaneously: (1) a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, (2) a Rule 12(b)(6) motion to dismiss for failure to state a claim, (3) a Rule 60(b)(2) motion based on newly discovered evidence, (4) a Rule 59(e) motion to alter or amend the opinion filed at DC ECF 107, and (5) a Rule 54 motion for reconsideration of an interlocutory opinion. There is at least some basis for the Rule 60(b)(2) characterization, as the motion does discuss "newly disclosed" evidence in the form of statements made by AgroFresh's counsel. There is also some basis for the Rule 59(e) framing, as the motion states, first in the argument section, and again in the conclusion section, that the Memorandum Opinion of May 1, 2023 should be altered or amended. It should be noted, however, that the motion does not explicitly invoke either of those Rules. The Mir Parties argue that these facts are not fatal because "[t]he label of a motion is not controlling." ECF

8

34 at 3 (citing *Union Switch & Signal Division American Standard Inc. v. United Electrical, Radio & Machine Workers of America, Local 610*, 900 F.2d 608, 615 (3d Cir. 1990), for the proposition that the "function of the motion, not the caption, dictates the Rule which applies" (citation omitted)).

We need not determine whether, in fact, it is appropriate to now characterize DC ECF 130 as invoking either Rule 60(b)(2) or 59(e) because, even assuming *arguendo* that it did, the Mir Parties' argument would still fail for at least two reasons, discussed in more detail below.

First, even if DC ECF 130 was a motion under either Rule 60(b)(2) or 59(e), it was not filed in time to toll the appeal deadline under Appellate Rule 4(a)(4)(A). Appellate Rule 4(a)(4)(A) requires that, in order for a motion to toll the time to appeal, it must be filed "within the time allowed" by the applicable Federal Rule of Procedure. Fed. R. App. P. 4(a)(4)(A). Rule 59(e) requires that a motion to alter or amend a judgment be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Additionally, Appellate Rule 4(a)(4)(A)(vi) dictates that a motion under Rule 60 will only serve to toll the time to appeal if it "is filed within the time allowed for filing a motion under Rule 59," Fed. R. App. P. 4(a)(4)(A)(vi), *i.e.*, the same 28 days after entry of the judgment. The order that DC ECF 130 purportedly sought to alter or amend was DC ECF 107, which was filed on May 1, 2023, meaning that, in order to be timely under Appellate Rule 4(a)(4)(A), DC ECF

9

130 was required to have been filed by May 29, 2023—it was in fact filed over two weeks later, on June 13.

Second, even if DC ECF 130 did toll the appeal deadline under Appellate Rule 4(a)(4)(A), it did so only until 30 days after the District Court denied that motion on July 11. When Appellate Rule 4(a)(4)(A) is successfully invoked, the 30-day period to file the appeal "runs for all parties from the entry of the order disposing of" the triggering motion. Fed. R. App. P. 4(a)(4)(A). Thus, even if DC ECF 130 did toll the deadline, it did so only until August 10, 2023, 30 days after the Court denied the motion via DC ECF 145. The Mir Parties seem to argue, albeit indirectly, that their filing of another motion under Rule 59(e) to alter *that* order, DC ECF 146, continued to toll the appeal deadline until 30 days after its own resolution. *See, e.g.*, ECF 37 at 2-3. This argument is unavailing, however, because successive motions covered by Appellate Rule 4(a)(4) do not continue to toll the time to appeal where the "factual and legal issues surrounding the earlier motion and the current motion are roughly similar." *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984).[2]

---

[2] This argument also fails for an additional, third, reason: there was no final appealable judgment or order in the case at the time DC ECF 130 was filed. Motions under both Rule 60(b) and Rule 59(e) both require a final judgment or order. *See State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (emphasizing that "Rule 60(b) grants the district court power to relieve a party from a '*final* judgment, order, or proceeding'" and concluding that party's Rule 60(b) motion "was not a proper avenue" to challenge "an interlocutory order" ) (emphasis in original); *Nieves-Luciano v. Hernandez-Torres*, 397 F.3d 1, 4 (1st Cir. 2005) (holding that "Rule 59(e) does not apply to motions for reconsideration of interlocutory orders from which no immediate appeal may be taken"). As we have previously explained, the District Court's Order at DC ECF 144, issued on July 11, was the first final appealable judgment in this case. The Mir

Because we find that District Court's order issued at DC ECF 144 on July 11 was a final appealable judgment, and because no subsequent motion served to toll the time to file an appeal until September 21, 2023, when the appeal in this case was eventually filed, we lack jurisdiction to hear the appeal and must dismiss. *Chambarlain*, 2021 WL 4026068, at *1.

## III

For the foregoing reasons, we will dismiss the appeal for lack of appellate jurisdiction.

---

Parties' motion at DC ECF 130 was filed nearly a month earlier on June 13.